541 So.2d 610 (1989)
THE FLORIDA BAR, Complainant,
v.
Tom K. DOUGHERTY, Respondent.
No. 72068.
Supreme Court of Florida.
April 6, 1989.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Jan K. Wichrowski, Bar Counsel, Orlando, for complainant.
George E. Hovis, Clermont, for respondent.
PER CURIAM.
This disciplinary proceeding is before us for consideration of a referee's report finding professional misconduct. The referee recommends that Dougherty be privately reprimanded for mishandling a trust account. The Florida Bar (Bar) has petitioned for review seeking a public reprimand. We have jurisdiction and consider the case pursuant to rule 3-7.6 of the Rules Regulating The Florida Bar.[1] Art. V, § 15, Fla. Const. We agree that public reprimand is necessary.
Respondent Dougherty drafted the will of Louise Harris, and at her request upon her death he became trustee of an account created under the will, which named Pauline Zepp as lifetime beneficiary. The referee's report recites the following facts:
In 1985, there was an acquisition of one of the trust's stocks and Respondent failed to tender the stock to the purchaser for reissue. The annual accounting failed to show the acquisition and it was prepared late.
During 1987, Respondent failed to return many of Ms. Zepp's telephone calls and he failed to tender quarterly payments in a timely manner. Payments that were made were incorrect in amount because Respondent failed to collect payments on certain trust investments. During 1986 and 1987, Respondent failed to prepare accountings timely and correctly.
In April 1986, Respondent received $24,000.00 from the stock. The money was placed in a savings account. Respondent did not believe the stock market to be a good investment at that time so he awaited an opportunity to invest the money elsewhere.
A mortgage investment opportunity arose which involved a Mr. Heritage, who was one of Respondent's former clients. Respondent loaned Mr. Heritage $9,000.00 in exchange for a note and mortgage bearing interest at 15%. This investment has proven to be a sound investment and Mr. Heritage has made all of the payments promptly.
In August 1986, Respondent made an investment of $18,000.00 in Rocky Mountain Development Corporation. The principals in the corporation were Respondent's clients and Respondent was the president of the corporation. A mortgage secured the investment but Respondent failed to record it for a little more *611 than a year. The investment was at 13% interest and, until the money was reinvested by Respondent's successor, the trust received all that was due to it.
After complaint was made against Respondent, The Florida Bar reviewed his trust account. It was determined that Respondent failed to keep a journal. As a result it was difficult to determine whether or not Ms. Zepp received all of the money due to her. At one time the Harris Trust checking account was overdrawn by $178.92 due to failure to bring the account balance forward. However, the Harris Trust Savings Account had over $18,000.00 in it at the time.
Based upon these findings of fact, the referee made the following recommendations of guilt:
Respondent admits that he has violated the rules governing the conduct of attorneys. The facts show that he is guilty of violating the following specific provisions of the Rules Regulating The Florida Bar:
A. Count I

Rule 1-102(A)(6) and Rule 4-1.3  Respondent failed to act with reasonable diligence while trustee of the Harris Trust by failing to tender stock for exchange and by failing to provide accurate accountings in a timely manner.
B. Count II

Rule 1-102(A)(6) and Rule 4-1.3  Respondent failed to record the Rocky Mountain Mortgage for over a year.

Rule 1-102(A)(6) and Rule 4-1.8  Respondent entered into a business transaction with clients by entering into the Rocky Mountain investment without disclosure or consent.
C. Count III

Article XI, Rule 11.02(4)  Respondent failed to maintain minimum trust account records.
In mitigation, the referee pointed out that:
It should be noted that Ms. Zepp was never represented by Respondent on any matter and that all money due to her has been paid. Furthermore, Respondent has accounted for all trust assets and they have been turned over to a successor trustee.
Respondent has been an active and respected member of his community for many years. In 1985 he was president of his Kiwanis Club and the Jaycees. He has performed fund raising activities for the Y.M.C.A. and the Little League. He is on the board of directors of his local hospital and public library. He represents pro bono the V.F.W. and the Pilot Club. He accepts indigent clients on a pro bono basis and he chaired the committee that organized the legal aid society in Lake County. He has provided services to the garden club, the Presbyterian Church, the South Lake Art League and the Minneola Elementary School without charge. He has performed public service in the past as a member of the city planning and zoning commission and the Lake County Comprehensive Land Plan Advisory Committee.
... .
... There is no evidence that Respondent had any intention of misappropriating any of the money belonging to the Harris Trust. His naive appearance before the grievance committee without counsel and without adequate preparation while assuming that such an appearance would clear him of wrongdoing is most convincing in that regard. His candor and demeanor during the hearing on this case shows that he realizes his errors, he admits them and he has taken corrective steps to comply with the rules in the future.
The facts do not substantiate a conclusion that the two investments which are the subject of Count II resulted in misappropriation of trust funds. But for Respondent's status as a lawyer, the investments could have very well been authorized by the trust agreement. No evidence was submitted to the contrary. Respondent's misconduct did not result in, nor was it likely to result in, actual prejudice to the trust or its beneficiaries. There was no dishonesty, misrepresentation, deceit or fraud on the part of Respondent. No crime was committed and *612 Respondent has never been disciplined prior to this case.
The referee classified Dougherty's actions as "minor misconduct" and recommended the following discipline:
1. Private reprimand before The Supreme Court or the Board of Governors.
2. Probation for a period of two years with the following conditions:
(a) satisfactory completion of a course of study on legal ethics approved by The Supreme Court;
(b) such supervision over Respondent's trust account as The Supreme Court may direct;
(c) reimbursement of The Florida Bar for costs in this case and cost supervision;
(d) notification to The Florida Bar of any trust agreement wherein Respondent is named trustee.
In its petition, the Bar argues that a private reprimand is insufficient in light of the number and nature of Dougherty's violations. We agree. In The Florida Bar v. Welty, 382 So.2d 1220, 1223 (Fla. 1980), we pointed out that:

Public reprimand should be reserved for such instances as isolated instances of neglect; or technical violations of trust accounting rules without willful intent; or lapses of judgment.
(Citations omitted; emphasis added.) Dougherty's actions cannot be considered minor misconduct where he invested substantial trust account funds without disclosure in ventures in which he held potentially conflicting interests. The potential for self-dealing is too great. Such actions constitute serious misconduct warranting substantial discipline. In light of Dougherty's cooperation in this proceeding, and his extensive personal and legal contribution to his community, we conclude that the following discipline is warranted.
Tom K. Dougherty is publicly reprimanded. He is placed on probation for a period of two years, commencing upon issuance of this opinion, during which time he must 1) take and pass the professional responsibility portion of the Florida bar exam; 2) notify the Bar of any trust agreement wherein he is named trustee; and 3) regularly submit his trust account records to the Bar for review. He is ordered to pay the costs of this proceeding. Judgment is entered against him for $1,944.79, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] The complaint and report were based on the former Florida Bar Integration Rule and Code of Professional Responsibility.