593 So.2d 1040 (1992)
THE FLORIDA BAR, Complainant,
v.
Robert E. KRAMER, Respondent.
No. 76250.
Supreme Court of Florida.
January 30, 1992.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and David G. McGunegle, Bar Counsel and Jan Wichrowski, Co-Bar Counsel, Orlando, for complainant.
Robert E. Kramer, in pro. per.
PER CURIAM.
This matter is before us upon a referee's report recommending that respondent, Robert E. Kramer, receive a private reprimand.[1]
The referee's findings of fact included the following. In 1986, respondent represented Elmer Flanary in a transaction wherein Flanary purchased the rights to twenty-two mortgage payments on property in Kentucky. Subsequently, it became necessary to foreclose on that property, and respondent associated Kentucky counsel to do so. Through Kentucky counsel, Flanary bid his judgment at the foreclosure sale but was unable to pay the fees and costs to finalize the transfer of title. On January 15, 1988, respondent loaned Flanary $2,500 to pay these costs. To secure the loan, respondent had Flanary execute a deed to the property instead of a note and mortgage. The deed named respondent as grantee.[2] However, respondent failed to disclose the actual nature of the transaction to Flanary, and Flanary, who had limited reading ability, thought he was getting a mortgage, not giving a deed.
The referee further found that Flanary was neither advised or given any opportunity to seek the advice of independent counsel nor advised by respondent of any conflict of interest, real or potential, in their positions.
Flanary defaulted on his payments to respondent. Thereafter, respondent transferred his interest in the property to another party for $3,000. Flanary did not realize that a default in his payments would result in immediate loss of the property because in the past he had often become delinquent *1041 in mortgages associated with respondent and had been able to bring his payments up to date without substantial prejudice. Flanary eventually consulted another attorney who explained the true nature of the transaction.
The referee found respondent guilty of violating the following Rules Regulating The Florida Bar: rule 4-1.7(b)[3] (a lawyer shall not represent a client if the lawyer's exercise of independent professional judgment in the representation of that client may be materially limited by the lawyer's responsibilities to another client, a third person, or by the lawyer's own interest); rule 4-1.7(c) (when representing multiple clients in a single transaction, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved); rule 4-1.8(a) (a lawyer shall not enter a business transaction with a client or knowingly acquire an ownership, possessory, security, or pecuniary interest adverse to a client, except a lien granted by law to secure a lawyer's fee or expenses). The referee recommended a private reprimand and the payment of costs as discipline.
The Florida Bar argues that a private reprimand is inappropriate given the seriousness of the misconduct. Respondent disagrees and argues that a private reprimand is appropriate and that the referee's findings are compatible with the definition of minor misconduct.
Although we approve the referee's recommended findings of guilt, we cannot agree with the referee's recommendation that we impose only a private reprimand. Respondent contends that he was acting in his client's best interest because the foreclosure action was in jeopardy of being dismissed and a deed was the only transaction that could be completed in time. Even if this were true, respondent violated the clear provisions of the Rules Regulating The Florida Bar relating to business dealings between a lawyer and client. The rules are clear that respondent was required to make full disclosure of the terms of the business transaction, give his client an opportunity to consult independent counsel, and obtain his client's written consent before finalizing the transaction. R. Regulating Fla. Bar 4-1.8(a). In addition, because of respondent's pecuniary interest, he was required to cease representing Flanary unless he reasonably believed that the representation would not be adversely affected and only after Flanary's knowledgeable and voluntary consent. R. Regulating Fla. Bar 4-1.7(b).
A private reprimand, now termed an "admonishment" under the rules, is only appropriate in cases where this Court finds an attorney's misconduct to be "minor." R. Regulating Fla. Bar 3-5.1(b). We do not find respondent's conduct to be "minor misconduct" under the rules and thus agree with the Bar that this type of conduct warrants more severe punishment than a private reprimand.[4]
Business dealings between lawyers and clients are fraught with conflict-of-interest problems, as this case clearly illustrates. Human nature makes such conflicts virtually inevitable notwithstanding a lawyer's good intentions. When a lawyer deals with a client in a business transaction, the lawyer must be scrupulous in disclosing the exact nature of the transaction and in obtaining the client's consent in writing. Failure to comply with these safeguards normally warrants a greater punishment than a reprimand. However, in light of the referee's evaluation of all the evidence presented, we defer to the referee's judgment as to a reprimand. Nevertheless, as discussed above, we cannot agree that the reprimand should be private. See The Fla. *1042 Bar v. Dougherty, 541 So.2d 610, 612 (Fla. 1989); The Fla. Bar v. Dunagan, 509 So.2d 291, 292 (Fla. 1987).
Accordingly, respondent, Robert E. Kramer, is hereby publicly reprimanded, and such discipline shall be effectuated by the publishing of this opinion in the Southern Reporter. Judgment for costs in the amount of $2,616.52 is entered against respondent, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to article V, section 15 of the Florida Constitution.
[2] Respondent also prepared an option contract giving Flanary the option of repurchasing the property for $2,500 at 18% interest within six months. The contract provided that it became null and void upon default of any payment.
[3] Although The Florida Bar treats subsections (1) and (2) of rule 4-1.7(b) as separate violations, the actual prohibition is only in lettered subsection (b). Subsections (1) and (2) simply provide conditions to remove the prohibition. Thus, respondent violated rule 4-1.7(b), not rule 4-1.7(b)(1) and rule 4-1.7(b)(2). The same holds true for rule 4-1.8(a).
[4] Because we conclude that respondent's conduct in this case was not minor, we do not reach the Bar's second argument that conduct is not minor, by definition, in all cases where the Grievance Committee makes a finding of probable cause.