517 So.2d 13 (1987)
THE FLORIDA BAR, Complainant,
v.
Justin R. LUMLEY, Respondent.
No. 69539.
Supreme Court of Florida.
December 17, 1987.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Thomad Edward DeBerg, Bar Counsel, Tampa, for complainant.
John A. Weiss, Tallahassee, for respondent.
PER CURIAM.
This case is a disciplinary proceeding held upon the complaint of The Florida Bar against attorney Justin R. Lumley. The referee found the respondent guilty of professional misconduct and recommended a private reprimand and probation. The *14 Florida Bar seeks review of the referee's recommendation on discipline.
The Florida Bar's complaint charged respondent with violating Disciplinary Rule 9-102(A) of the former Florida Bar Code of Professional Responsibility and article XI, rule 11.02(4) of the former Florida Bar Integration Rule. The alleged violation of D.R. 9-102(A) was based on the accusation that respondent deposited personal funds in the same bank account with funds held in trust for clients. The violation of rule 11.02(4) consisted in the allegation that respondent used funds held in trust for clients for purposes other than those intended by the clients. The referee found that respondent had failed to keep personal funds separate from funds held in trust. Accordingly, the referee recommended that respondent be found guilty of violating D.R. 9-102(A). With regard to the allegation of improper use of trust funds, the referee found that "the commingling of the Respondent's personal funds resulted in deficits to the clients' funds." Based on the "deficits" shown in the accounts of funds held in trust for clients, the referee recommended that respondent be found guilty of violating rule 11.02(4).
The referee found that there was no intent on the part of respondent to defraud or deprive his clients of their property. The evidence showed that, although at times there were deficits in the accounts of money held in trust, respondent in every case restored the balance in the account in time to meet his obligations to his clients. No client suffered any loss or delay in the disbursement of funds.
Although the referee found no intent to deprive the clients of their money, the existence of the account "deficits" shown by the evidence established that respondent did use, albeit temporarily, trust funds for personal purposes. There is nothing in the evidence or in the referee's report to refute the inference that such improper personal use of trust funds was committed knowingly. We therefore find that the evidence and the referee's findings implicitly show that respondent knowingly used entrusted funds for his own purposes.
The referee recommended that respondent receive a private reprimand and be placed on probation. The Florida Bar argues that the recommended discipline is inadequate and seeks a suspension from the practice of law and probation. Rule 3-5.1(b) of the Rules Regulating The Florida Bar provides that private reprimands are only appropriate in cases of "minor misconduct." Paragraph (1) of rule 3-5.1(b) sets forth the criteria for determining under what circumstances misconduct can be considered minor and negates the existence of minor misconduct when misappropriation of clients' funds is involved. We therefore conclude that a private reprimand is inappropriate. However, in light of the referee's finding that respondent's misconduct was not committed with wrongful intent, we reject The Florida Bar's demand for a suspension. We conclude that the appropriate discipline in this case is a public reprimand. We also find that no purpose would be served by probation in this case and so we decline to impose a term of probation.
The Florida Bar's petition for review is granted. The referee's findings of fact are approved but the recommended disciplinary measures are disapproved. We hereby reprimand attorney Justin R. Lumley for professional misconduct.
The costs of this proceeding are taxed against the respondent. Judgment for costs is entered against Justin R. Lumley in the amount of $1,169.52, for which sum let execution issue.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.