PER CURIAM.
This Florida Bar disciplinary proceeding is before the Court for consideration of the findings and recommendations set forth in the referee’s report. Respondent James C. Burke has filed a petition for review. We have jurisdiction, article V, section 15, Florida Constitution, and proceed to consider this case pursuant to rule 3-7.6 of the Rules Regulating The Florida Bar.
The referee’s report, which was prepared under the former Florida Bar Code of Professional Responsibility reads as follows:
The Florida Bar filed charges against the Respondent on February 28, 1985. The first hearing on this matter took place on January 16, 1986, followed by hearings on February 19, 1986 and March 24, 1986. After the transcripts were delivered to the Referee, the Referee indicated to counsel for the Bar and Respondent in a letter dated July 22, 1986 that she would recommend that respondent be found guilty of violating the Code of Professional Responsibility, Disciplinary Rules 9-102(B)(3), 9-102(B)(4), and Florida Bar Integration Rule, Article XI, Rule 11.02(4). The referee asked both counsel to advise her of any recommendations concerning discipline. Counsel for the Bar responded by Memorandum dated August 6, 1986 and counsel for Respondent had contacted the Court in August and October saying recommendations would be forwarded. No recommendations have been received to date.
The Facts of the case are as follows:
Respondent represented Ivette and Janet Alvarez beginning December, 1980. On June 12, the sum of $15,000 was released by the Court to the Alvarez’, who received the entire sum. On October 4, 1983, the Court signed an order disbursing the amount of $8500 to James C. Burke, Attorney for Janet and Ivette Alvarez. The Clerk of The Court deducted his fees and delivered a check in the amount of $8,380.60 on October 6, 1983. Mr. Burke cashed the check on that date and although it is not entirely clear what happened to those sums, Mr. Burke believes that some of the money was put into his office account and some retained in cash, but knows he did not put any into his trust account. There was testimony and evidence adduced at the hearing that on October 6, 1983 Mr. Burke did deposit currency and checks in the amount of $6,702.50 into his trust account and that two days prior to the deposit, October 4, 1983, sent a letter to Roger H. Staley, Esq. containing a check dated October 3, 1984 for the amount of $6,702.50. Mr. Burke maintained that this sum was sent to him by Ruth Russell, put through his trust account and *685 forwarded to Mr. Staley. There were no records of Mr. Burke’s office account introduced in evidence.
Ivette and Janet Alvarez testified that Mr. Burke told them they would have to wait 90 days from the date the order was signed to collect their money. In January, Janet and Ivette saw Mr. Burke and he mentioned a 3% discrepancy in the amount of the check.« They both said this was the first time they had any notice of a 3% deduction and that they agreed that Mr. Burke should find out if they could recover this amount from the Clerk. Janet said she called in February and told Mr. Burke to forget about the 3% deduction and just send them a check. By letter dated March 24, 1984 the Alvarez’ again asked for their money. Mr. Burke replied in a letter dated March 28, 1984, enclosing a trust account check in the amount of $6,567.35, made out to Janet Alvarez and Ivette Alvarez.
Janet testified they received the check on March 28, 1984 and waited two weeks before cashing it. When the check was presented to Mr. Burke’s bank, it was not honored because of insufficient funds in the account. The check was again deposited and bounced because of insufficient funds. The Alvarez’ eventually received their monies on August 7, 1984, the date of the Grievance Committee meeting.
Mr. Burke testified that when he gave the check dated March 27, 1984 to Janet and Ivette Alvarez on March 31, 1984, he had sufficient funds in the bank to cover this amount. The trust account records show that a deposit in the amount of $6,000.00 was made on April 2, 1984 and that on April 10, 1984 a charge back for that check was made to the account. Mr. Burke testified that he had had problems with the bank previously and thought this might be an error on their part. He found out while back in session with the Legislature that the check bounced when it was redeposited. When he got back to Miami in June, he talked to Janet and Ivette a few times and then found out they had filed a grievance with the Bar. On the day of the grievance hearing, August 7, 1984, Mr. Burke gave them a cashier’s check for $6,567.35.
The referee finds that Respondent violated Disciplinary Rule 9-102(B)(3) by not maintaining complete records of his clients’ funds and rendering appropriate accounts to them. The referee also finds that Respondent is guilty of violating Rule 9-102(B)(4) by not promptly, paying or delivering to the Alvarez’ as requested by them, the funds he received from the court for them and to which they were entitled. Ten months is not a prompt delivery. The referee also finds that Respondent is guilty of violating Article XI, Rule 11.02(4). Inadequate records were kept, no reconciliations were attempted and worst of all, the check from the Court, designated for Janet and Ivette Alvarez, was not even deposited into the trust account, and if it was, there was no identification of the client for whom the funds were received, the date on which they were received (except the check itself), the reason they were received or any documentation whatsoever regarding these clients, including the date on which the funds were initially disbursed. The entire accounting procedures were a shamble. The referee found that Respondent’s conduct did not violate DR-1-102(A)(4), and DR-1-102(A)(6) because although he should have done a number of things very differently, the intent to commit fraud or deprive his clients of the money was not present, albeit they were deprived of the use of these funds for ten months. Many of Respondent’s problems arose from trying to maintain his law practice by himself while attending to legislative duties, and extremely shabby accounting procedures.
Respondent has tried to remedy these conditions by having an accountant monitor his accounting procedures and his books and by forming a partnership so that other lawyers can handle his cases for him while he is attending legislative sessions.
Mr. Burke has made many contributions to his community and the State. The evidence presented by the Bar show *686 ing that he was fined for violations of the election laws was addressed by Mr. Burke who testified that he was not noticed at his new address for the hearing and in fact, did not appear.
The referee recommends that James C. Burke be suspended from the practice of law in Florida for a period of ninety days (90) and that he pay the Florida Bar an amount of $1,904.49, which constitutes the costs incurred in this matter. In addition, the referee recommends that Mr. Burke pay Janet and Ivette Alvarez, interest at the rate of 12% per year for the ten (10) month period during which they were deprived of the use of their $6,567.35. This amounts to $687.09. Respondent should not be reinstated after the ninety day suspension period until this amount is paid.
Respondent accepts the referee’s findings of fact that he was guilty of violating Disciplinary Rules 9-102(B)(3) (failure to maintain complete records of funds of clients in possession of lawyer) and 9-102(B)(4) (failure to promptly pay or deliver funds which the client is entitled to receive), and Florida Bar Integration Rule, article XI, Rule 11.02(4) (failure to properly maintain trust accounts and conversion of client funds to own use).
The Florida Bar supports the referee’s report and urges that we adopt the recommended discipline. Respondent challenges the referee’s recommendation of a ninety-day suspension. We have carefully considered the record, the referee’s report, and the arguments of the parties and conclude that the ninety-day suspension is an appropriate discipline. We approve the referee’s findings of fact and recommended discipline. Respondent is suspended from the practice of law in Florida for a period of ninety days. Reinstatement is continguent upon respondent’s paying the clients, Janet and Ivette Alvarez, interest at the rate of 12% per year for the ten-month period during which he improperly deprived them of the use of their funds.
The costs of these proceedings are taxed against the respondent and judgment is entered in the amount of $1,904.49, for which sum let execution issue.
So that respondent can close his practice in an orderly fashion and protect the interest of his clients, the suspension ordered herein shall take effect thirty days from the date of this order. As provided by rule 3-5.1(h) of the Rules Regulating The Florida Bar, respondent shall provide notice of this suspension to his clients and shall accept no new clients from the date of this order until reinstated.
It is so ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT and GRIMES, JJ., concur.