578 So.2d 1099 (1991)
THE FLORIDA BAR, Complainant,
v.
James C. BURKE, Respondent.
No. 74157.
Supreme Court of Florida.
May 2, 1991.
John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel and John A. Boggs, Director of Lawyer Regulation, Tallahassee, and Warren Jay Stamm, Bar Counsel, Miami, for complainant.
Robert L. Parks of Anderson, Moss, Parks & Russo, P.A., and Elizabeth Koebel Russo of Elizabeth Russo, P.A., Miami, for respondent.
Richard A. Barnett, Hollywood, supporting position of respondent with comments.
PER CURIAM.
This lawyer disciplinary proceeding is before us on complaint of The Florida Bar and the referee's report. Both James C. Burke and The Florida Bar filed petitions for review, contesting the referee's findings and recommended discipline of an eighteen-month suspension. Burke seeks a private reprimand. The Bar seeks disbarment. We have jurisdiction. Art. V, § 15, Fla. Const.
The Bar initiated this proceeding by filing a complaint against Burke charging him with unethical conduct and trust accounting procedure violations. The referee made the following specific findings of fact:
1) That on or about July 18, 1983, by Order of Court, Dorothy Banks was named Personal Representative of the Estate of Samuel L. Banks, Deceased, who was the subject of a wrongful death action which occurred on February 9, 1982.
2) That Respondent, James C. Burke, was the attorney for Dorothy Banks as Personal Representative of the Estate.
3) That a wrongful death action was filed by Respondent on behalf of Dorothy Banks in re: Dorothy Banks, as Personal Representative of the Estate of Samuel L. Banks, Deceased v. the Firestone Tire and Rubber Company, a foreign corporation, Case No. 84-04140 (08), Dade County Circuit Court.
4) That on or about May 11, 1984, Respondent submitted an Amended Petition for Approval of Settlement and Disbursement.

*1100 5) That on or about May 14, 1984, the Honorable Judge Francis Knuck entered an Order Approving Settlement and Disbursement of the wrongful death proceeds.
6) That on or about August 3, 1987, the Honorable Judge Edward Newbold entered an Agreed Order directing counsel to account for settlement proceeds in that the Court found the proceeds of the settlement were not disbursed according to Court Order and there were no remaining assets in the Estate to pay administration expenses.
7) That Respondent failed to timely account for settlement proceeds pursuant to said Order and on December 11, 1987, a Petition for Order to Show Cause Why James Burke Should Not Be Adjudged in Contempt was filed.
8) That on or about January 25, 1988, Respondent filed a response and accounting of the settlement proceeds.
9) That Carlos Ruga, Staff Auditor of The Florida Bar, conducted an audit and investigation of Respondent's trust account no. XXXXXXXXXXX and account no. XXXXXXXXXXX opened in the name of the Estate of Samuel L. Banks. Both accounts were maintained at Peoples National Bank of Commerce in Miami.
10) That on or about May 25, 1984, the Firestone Tire and Rubber Company issued check no. 55167 in the amount of $150,000.00 payable to "Dorothy Banks as Personal Representative of the Estate of Samuel L. Banks, Deceased."
11) That said check was deposited by Respondent in his personal account at Southeast Bank, account no. XXXXXXXXX.
12) That during the month of August, 1984, Respondent transferred $120,251.77 from this personal account to his trust account.
13) That on or about August 24, 1984, Respondent transferred the sum of $100,000.00 from his trust account to the Estate account of Samuel Banks.
14) That such distribution was not in compliance with the Order of Judge Knuck.
15) That upon the completion of the distribution, the remaining funds left in the account were to be those attorney fees taken by Respondent.
16) That said amount remaining in this account was $50,000.00.
17) That pursuant to Court Order, Respondent was to receive the sum of $40,080.55 as attorney fees.
18) That Respondent appropriated $9,919.44 in excess of Court awarded attorney fees.
19) That on December 7, 1988, Respondent paid $9,919.45 to James R. Sloto, Esquire, as guardian ad litem for the guardianships of Dwaine Randall and DeMarco Tyler. This payment was made after hearing by Grievance Committee 11L of The Florida Bar concerning this matter which took place on October 13, 1988.
Based on these findings, the referee recommended, without comment, that Burke be found guilty of violating The Florida Bar Code of Professional Responsibility[1] Disciplinary Rules 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice), and 1-102(A)(6) (a lawyer shall not engage in any other conduct that adversely reflects on his fitness to practice law), as well as Integration Rule of the Florida Bar 11.02(4) (trust accounting procedures) and Rule Regulating The Florida Bar 5-1.1 (trust accounts). The referee further recommended that Burke be suspended from the practice of law in the State of Florida for eighteen months, that he be required to successfully retake the ethics portion of The Florida Bar Examination prior to the suspension being lifted, and that he be assessed costs in the amount of $2,378.20.
Burke first takes issue with the referee's findings of fact. He contends that paragraphs fifteen and sixteen of the referee's findings of fact are not supported by unrefuted evidence. We must agree. *1101 Paragraphs fifteen and sixteen pertain to the remaining funds and identify them as being in one account. The record reflects that the remaining funds referred to in paragraph sixteen were allocated among the three distinct accounts referenced by the referee and did not remain in one account as suggested by the referee. This point is important to Burke's position given his assertions that his accounting problems occurred largely because the funds were in three accounts rather than one.
Next, due to a number of mitigating factors, Burke asserts that the appropriate discipline is a private reprimand rather than the referee's proposed eighteen-month suspension. Specifically, Burke notes that the referee made no finding whatsoever that the distribution error was made intentionally or knowingly, that the misappropriation of funds in this case was solely the result of his unintentional negligence, that the incident occurred because of Burke's inability to simultaneously handle both the demands of his legislative responsibilities and the demands of his private law practice, that he has made full restitution in this matter, and that he has taken all necessary administrative steps in his law office to ensure that future errors of this type will be prevented. Further, Burke contends that he has already been sufficiently disciplined for negligently maintaining his trust account records because he previously received a ninety-day suspension for negligent trust account maintenance that occurred during the same time period as the negligence in this case. See The Fla. Bar v. Burke, 517 So.2d 684 (Fla. 1988). Burke submits that because deterrence and rectification have occurred, a private reprimand is the appropriate sanction.
On the other hand, the Bar contends that this Court should order disbarment because we imposed disbarment in The Florida Bar v. Newhouse, 520 So.2d 25 (Fla. 1988), which, in the Bar's view, is a factually similar case. In that case we ordered disbarment of an attorney for failing to abide by court orders regarding disbursement of settlement proceedings, for assisting clients in violation of court orders regarding disbursement of settlement proceeds, and for failing to follow proper trust accounting procedures. In that case, however, the attorney was also found guilty of making false statements to the court and of failing to pay outstanding medical bills and litigation costs out of funds received for that purpose. Moreover, in making his recommendation of disbarment in that case, the referee considered the attorney's previous record, dishonest motive, pattern of misconduct, lack of cooperation, deceptive practices, and failure to acknowledge wrongdoing. Other than Burke's previous record in Burke, none of those factors are present in the instant case.
The violations in this case occurred during Burke's tenure as a sole practitioner in Miami. During that time, Burke was not spending full time with his law practice and, as a result, problems arose with the processing of funds in two of his clients' cases. Problems in the first case were discovered shortly after their occurrence. In that case, we approved a referee's finding of failure to maintain records of client funds, failure to promptly deliver funds to the client, and failure to maintain adequate records. The referee expressly found in that case that no intent to commit fraud or to deprive clients of their money was present. In suspending Burke for ninety days, this Court noted that, in addition to his extremely sloppy accounting procedures, many of Burke's problems arose because he tried to conduct his law practice and legislative duties at the same time. This Court also noted, however, that Burke had made full restitution, that he had taken steps to correct his accounting procedures, and that he had entered into a partnership with other lawyers to ensure that his practice would be covered while he was handling his legislative duties.
The problem presently before the Court arose during that same pre-1985 period of time. Unfortunately, given the grossly negligent procedures of Burke's practice then in effect, the incident now before us was not discovered until a complaint and subsequent audit report were filed in 1987.
*1102 We have reviewed the record and agree with Burke that the record does not support nor did the referee make a specific finding that he knowingly, willfully, or intentionally misappropriated the funds. The Bar argues that even if Burke's acts of misconduct were unintentional, his behavior still warrants disbarment. The Bar contends that Burke should have discovered the accounting errors in this case and that his failure to do so renders him just as culpable as if he had taken affirmative, intentional action. We disagree. The Bar has the burden of proving by clear and convincing evidence that Burke is guilty of specific rule violations. Intent is a major and necessary element in a finding of guilt for dishonesty, fraud, deceit, or misrepresentation. We find that the Bar failed to present clear and convincing evidence on this point. Accordingly, we reject the referee's recommendation that Burke be found guilty of violating The Florida Bar Code of Professional Responsibility Disciplinary Rule 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation).
Given this finding, we conclude that we should decline to impose the eighteen-month suspension recommended by the referee. Nevertheless, we note that, while the evidence does not support a finding of dishonest intent, it does support a finding of gross negligence and of conduct prejudicial to the administration of justice. We approve the referee's findings of fact with the exceptions noted above regarding paragraphs fifteen and sixteen, but conclude that the appropriate discipline is a ninety-one day suspension. In implementing this discipline, we acknowledge that this incident was brought about by the same negligence and prejudicial conduct for which Burke was previously disciplined. However, had this action been before us simultaneously with that previous disciplinary action, the penalty formerly imposed would more likely have been six months rather than ninety-days because we would have been considering more than a single incident.
Accordingly, we find Burke guilty of violating The Florida Bar Code of Professional Responsibility Disciplinary Rules 1-102(A)(5) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice) and 1-102(A)(6) (a lawyer shall not engage in any other conduct that adversely reflects on his fitness to practice law), as well as Integration Rule of the Florida Bar 11.02(4) (trust accounting procedures) and Rule Regulating The Florida Bar 5-1.1 (trust accounts). Burke shall be suspended from the practice of law in Florida for a period of ninety-one days, during which time he is enjoined and prohibited from the practice of law in Florida. The suspension shall take effect on June 1, 1991, thereby giving Burke thirty days to close out his practice in an orderly fashion and to protect his clients' interests, including providing the notice required by rule 3-5.1(h) of the Rules Regulating The Florida Bar. Additionally, Burke is hereby ordered to take and satisfactorily pass the ethics portion of The Florida Bar Examination prior to the restoration of his privileges of membership in The Florida Bar.
The costs of these proceedings are taxed against Burke and judgment is entered in the amount of $2,378.20, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and HARDING, JJ., concur.
KOGAN, J., recused.
NOTES
[1] The Florida Bar Code of Professional Responsibility was in effect until January 1, 1987.