597 So.2d 266 (1992)
THE FLORIDA BAR, Complainant,
v.
Howard M. NEU, Respondent.
No. 76158.
Supreme Court of Florida.
April 2, 1992.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Paul A. Gross, Bar Counsel, Miami, for complainant.
Howard M. Neu, in pro. per.
PER CURIAM.
The Florida Bar petitions for review of the referee's findings of guilt and recommended sanction of Howard M. Neu (Neu). Neu also files a cross-petition seeking review of the referee's recommendation of a ninety-day suspension, and the decision to assign him the disciplinary proceeding's costs. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution.
Neu and The Florida Bar stipulated to the facts which began this disciplinary action. In September of 1983, the Dade County Circuit Court appointed Neu guardian of Selser Bernard McKinney's property. McKinney is a young boy who suffered a cardiac arrest resulting in brain damage while being treated in a hospital.
Between May 24, 1984 and October 9, 1985, Neu withdrew a total of $52,604.99 from his clients' trust accounts. Of this $52,604.99, $40,000 came from four unauthorized withdrawals of the McKinney *267 guardianship account. Neu deposited this money into his own trust account. During this time, he invested approximately $31,000 of these funds in a music venture which he claimed that he made on behalf of the McKinney account. However, Neu did not seek the guardianship court's approval for the investment. Neu also failed to show either the investment in the music venture or his withdrawals from the guardianship account in any of the guardianship accountings. The music venture failed, but by October 2, 1985, all of the money in the McKinney guardianship account had been replaced with interest, thereby making the account whole. Neu also repaid all other funds withdrawn from his trust account, consequently insuring that no client failed to receive trust account funds or have the funds applied on a timely basis.
Neu and The Florida Bar also stipulated that between May 25, 1984, and July 7, 1986, Neu maintained his trust account funds in an interest-bearing account. During this time, he failed to maintain the trust account in compliance with Florida's Voluntary Interest on Trust Accounts program. The trust account earned $6,386.54 in interest that Neu failed to remit to the Florida Bar Foundation.
Finally, the stipulation stated that on January 7, 1987, Neu used guardianship funds to pay his personal taxes to the Internal Revenue Service in the amount of $5,648.28. By February 27, 1987, Neu had repaid the guardianship account in full, and three days later he reimbursed all lost interest to the account.
The Florida Bar brought a two-count complaint against Neu for improperly using the guardianship funds for his personal expenses, and the retention of his trust account's earned interest. In Count I of the complaint concerning his improper trust account withdrawals between 1984 and 1985 and his retention of his trust account's earned interest, the referee found Neu guilty of violating The Florida Bar Code of Professional Responsibility[1] Disciplinary Rule 9-102(A) for commingling of funds, which included Integration Rules 11.02(4) for misapplication of trust account funds, and 11.02(4)(d) for failing to remit earned interest from trust accounts to the Florida Bar Foundation. The referee, however, found Neu not guilty of violating The Florida Bar Code of Professional Responsibility Disciplinary Rule 1-102(A)(4) which proscribes conduct involving dishonesty, fraud, deceit or misrepresentation; Disciplinary Rule 1-102(A)(6) which proscribes conduct that adversely reflects on the fitness to practice law; and Disciplinary Rule 9-102(B)(3) which requires that a lawyer shall maintain complete records of all funds, securities, and other properties of a client coming into possession of the lawyer and render appropriate accounts to the client regarding them.
As to Count II of the complaint concerning Neu's use of the McKinney guardianship account to pay his personal obligation to the Internal Revenue Service, the referee found Neu guilty of violating Rule Regulating The Florida Bar 5-1.1, which states that money entrusted to an attorney for a specific purpose is held in trust and must be applied only to that purpose. The referee, however, found Neu not guilty of violating Rule Regulating The Florida Bar 4-8.4(c) which proscribes conduct involving dishonesty, fraud, deceit or misrepresentation.
The referee found the following mitigating factors: cooperation with The Florida Bar since the institution of the disciplinary investigation and proceedings; acknowledgment of responsibility; return of trust funds; no financial loss to clients; significant contributions to the community; contributions to the profession through public education; good character; status as a sole practitioner; rehabilitation; and remorse. The referee also found that Neu's failure to report the four unauthorized withdrawals from the McKinney account misled the guardianship court. Thus, Neu's failure to report the withdrawals to the guardianship court constituted an aggravating factor.
The referee recommended to this Court that Neu be suspended for ninety days, pay *268 $6,386.54 to the Florida Bar Foundation for his failure to remit his trust account's earned interest, and pay $3,559.95 for the costs of the disciplinary proceedings.
The Florida Bar challenges the referee's findings of fact that Neu did not engage in conduct that involves dishonesty, fraud, deceit, or misrepresentation, and that there is no evidence which reflects adversely on his fitness to practice law. The Florida Bar argues that the referee erred by not viewing the stipulation as a guilty plea as to all of the charges. In addition, The Florida Bar argues that the record supports a finding that Neu intentionally converted his client's trust account funds for his own purposes. The Florida Bar concludes that because Neu intentionally defalcated his client's funds for personal purposes "anything less than a three-year suspension may not sufficiently deter other attorneys who might be tempted to avail themselves of their clients' readily accessible funds." The Fla. Bar v. McShirley, 573 So.2d 807, 809 (Fla. 1991).
In bar discipline proceedings, the referee must find the evidence of a lawyer's misconduct proven by clear and convincing evidence. The Fla. Bar v. McClure, 575 So.2d 176 (Fla. 1991). Further, the party seeking to overturn a referee's findings and recommendations of guilt has the burden of showing that the referee's report is "clearly erroneous or lacking in evidentiary support." The Fla. Bar v. Wagner, 212 So.2d 770, 772 (Fla. 1968); accord The Fla. Bar v. Lipman, 497 So.2d 1165 (Fla. 1986).
In the instant case, The Florida Bar is seeking to overturn the referee's findings that Neu did not act with dishonesty, misrepresentation, deceit, or fraud. In order to find that an attorney has acted with dishonesty, fraud, deceit, or misrepresentation, The Florida Bar must show the necessary element of intent. The Fla. Bar v. Burke, 578 So.2d 1099, 1102 (Fla. 1991). Further, in The Florida Bar v. Dougherty, 541 So.2d 610 (Fla. 1989), and The Florida Bar v. Lumley, 517 So.2d 13 (Fla. 1987), we have found that an attorney's lack of intent to deprive, defraud or misappropriate a client's funds supported a finding that the attorney's conduct did not constitute dishonesty, misrepresentation, deceit or fraud. Thus, The Florida Bar has the burden of showing that the referee's findings are clearly erroneous or not supported by the record. The Florida Bar must establish that Neu intended to convert his clients' funds, and consequently that he acted with dishonesty, misrepresentation, deceit or fraud.
As to Count I, concerning the withdrawal of the $52,604.99 from his clients' trust accounts, The Florida Bar fails to show that the referee's findings are clearly erroneous. While acknowledging that Neu withdrew a total of $52,604.99 from his trust accounts, the stipulation avoids the conclusion that he intended to convert his clients' funds. Further, The Florida Bar fails to show in the record that Neu acted with the intent to convert his clients' funds. On the contrary, the record supports the referee's findings that Neu did not intend to convert his clients' funds. The record shows that Neu's negligent commingling of his personal and trust account funds resulted in the trust violations. Further, the referee's findings are supported by the facts that Neu replaced all of his clients' funds with any lost interest, and that none of his clients failed to receive their trust account funds or have the funds applied on a timely basis.
The Florida Bar also fails to show that the referee's finding that Neu did not intend to convert the $31,000 from the guardianship account is clearly erroneous. The Florida Bar did not refute Neu's testimony that he made the investments on behalf of the guardianship account. In addition, the record also shows that Neu replaced the guardianship account's funds with interest soon after the investment soured. Thus, the record supports the referee's findings that Neu did not intend to convert his clients' funds, and consequently did not violate the rule prohibiting dishonesty, misrepresentation, deceit or fraud.
The Florida Bar also argues that the referee's finding that Neu did not act with dishonesty, misrepresentation, deceit, or *269 fraud when he filed the accountings with the guardianship court is clearly erroneous. At the hearing, Neu explained that he did not report the four unauthorized withdrawals on the accountings because he replaced the money before the accountings were due. Further, Neu testified that he realized that the investment had soured and that he had not acted prudently; thus, he replaced the money as soon as possible. Here, the referee did not find by the clear and convincing evidence that Neu intentionally acted with dishonesty. We note, however, that the referee did find enough evidence to consider Neu's failure to report the withdrawals an aggravating factor. We find that The Florida Bar does not establish in the record that Neu intentionally misled the guardianship court. The Florida Bar failed to prove that Neu intentionally misled the guardianship court by clear and convincing evidence. Thus, we uphold the referee's findings.
The Florida Bar argues the instant case is similar to McShirley and, therefore, Neu deserves a three-year suspension. However, the instant case is distinguishable from McShirley. In McShirley, The Florida Bar initiated an audit of an attorney after he declared bankruptcy. The audit uncovered deficits in excess of $27,000. This Court in McShirley found the attorney's misappropriation was not an isolated instance, but a repeated dipping into the trust account and conversion of his client's funds. Although the attorney in McShirley replaced his client's funds before The Florida Bar initiated its audit, the referee found that the attorney converted the funds and acted with dishonesty, fraud, deceit, or misrepresentation. In contrast, the referee here found that Neu did not intend to permanently deprive or convert his client's funds. Thus, we find that McShirley is not applicable to the instant case.
Discipline for unethical conduct must serve three purposes: First, the judgment must be fair to society, both in terms of protecting the public from unethical conduct and at the same time not denying the public the services of a qualified lawyer as a result of undue harshness in imposing a penalty. Second, the judgment must be fair to the respondent, being sufficient to punish the breach of ethics and at the same time encourage reformation and rehabilitation. Third, the judgment must be severe enough to deter others who might be prone or tempted to become involved in like violations. The Fla. Bar v. Lord, 433 So.2d 983, 986 (Fla. 1983).
The misuse of client funds is one of the most serious offenses a lawyer can commit. The Fla. Bar v. Schiller, 537 So.2d 992, 993 (Fla. 1989). However, this Court's case law draws a distinction between cases where the lawyer's conduct is intentional and deliberate and cases where the lawyer acts in a negligent or grossly negligent manner. Compare The Fla. Bar v. Diaz-Silveira, 557 So.2d 570 (Fla. 1990) (intentional and deliberate misuse of client funds warranted disbarment) with The Fla. Bar v. Whigham, 525 So.2d 873 (Fla. 1988) (a lawyer's gross negligence in managing a client trust account, absent willful misappropriation of client funds, warrants a three-year suspension, but not disbarment).
In the instant case, the stipulation and testimony support the referee's findings that Neu did not intentionally act to convert his client's funds. However, Neu's commingling of his personal and trust account funds shows a negligence in handling his client's funds. Florida's Standards for Imposing Lawyer Sanctions § 4.12 (Fla.Bar Bd.Governors 1986), states that "[s]uspension is appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client." In considering the appropriate penalty, we note that Neu has shown substantial mitigating factors. Moreover, this is Neu's first disciplinary conviction in over twenty-two years of practicing law. Weighing the mitigating circumstances and the gravity of Neu's violations, we find that a suspension is warranted.
We find that Neu's case is similar to our decision in Burke, where this Court suspended an attorney for ninety-one days because of gross negligence in handling a *270 client's trust account and conduct prejudicial to the administration of justice. We noted, in Burke, that the attorney's problems in the disciplinary proceeding stemmed back to his extremely sloppy accounting procedures which had been the focus of an earlier disciplinary proceeding. See The Fla. Bar v. Burke, 517 So.2d 684 (Fla. 1988). Because of the attorney's negligent accounting procedures, the problems in the second disciplinary proceeding did not come to light until a subsequent complaint and audit in 1987. In imposing the attorney discipline in the second proceeding, we stated that if we had considered both instances of misconduct simultaneously, then the attorney's penalty would have been a six-month suspension rather than ninety-one days. In such a case the Court would have imposed the longer suspension based on the multiple instances of misconduct involved. Similarly, the instant case has more than one instance of Neu's negligence in handling his client's trust accounts. Both the investing in the music venture and Neu's commingling of his personal and trust account funds in order to pay his Internal Revenue Service obligation are instances of Neu's negligence. Thus, we overturn the referee's recommendation of a ninety-day suspension and suspend Neu for six months.
We reject Neu's cross-claim seeking to reduce the amount of imposed costs taxed against him. In The Florida Bar v. Davis, 419 So.2d 325, 328 (Fla. 1982), we held that the Court should use sound discretion in assigning the costs of disciplinary proceedings. Considering the seriousness of the charges brought against Neu, we find that The Florida Bar did not act unreasonably in seeking a harsh punishment and challenging the referee's findings. Thus, Neu should bear the full costs of the disciplinary proceedings.
Accordingly, we uphold the referee's findings of fact and recommendations of guilt that Neu violated The Florida Bar Code of Professional Responsibility Disciplinary Rule 9-102(A) for commingling of funds; Integration Rules 11.02(4) for misapplication of trust account funds, and 11.02(4)(d) for failing to remit earned interest from trust accounts to the Florida Bar Foundation; and Rule Regulating The Florida Bar 5-1.1 which states that money entrusted to an attorney for a specific purpose is held in trust and must be applied only to that purpose.
We suspend Neu for a period of six months, during which time he is enjoined and prohibited from the practice of law in Florida. The suspension shall take effect on May 4, 1992, thereby giving Neu thirty days to close out his practice in an orderly fashion and to protect his client's interests, including providing the notice required by Rule 3-5.1(h) of the Rules Regulating the Florida Bar. Neu shall accept no new business after the date this opinion is filed. Additionally, Neu is hereby ordered to take and satisfactorily pass the ethics portion of the Florida Bar Examination prior to restoration of his privileges of membership in The Florida Bar. We also order that Neu pay the $6,386.54 of earned interest from his trust account to the Florida Bar Foundation as a precondition of his return to the practice of law. The costs of these proceedings are taxed against Neu and judgment is entered in the amount of $3,559.59, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] The Florida Bar Code of Professional Responsibility was in effect until January 1, 1987.