625 So.2d 459 (1993)
THE FLORIDA BAR, Complainant,
v.
Mark Douglas JASPERSON, Respondent.
Nos. 80394, 80621.
Supreme Court of Florida.
October 7, 1993.
*460 John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and Cheryl K. Thomas, Asst. Staff Counsel, Tampa, for complainant.
Joseph F. McDermott, St. Petersburg, for respondent.
PER CURIAM.
Mark Douglas Jasperson petitions this Court for review of the findings of fact and recommendations of the referee in this disciplinary action filed by The Florida Bar. We have jurisdiction. Art. V, § 15, Fla. Const. For the reasons expressed, we approve the findings and recommendations of the referee and suspend Jasperson from the practice of law for one year.
The record reflects that, in these consolidated disciplinary cases, nine counts, involving nine separate clients or advertisements, were filed against Jasperson in which the Bar asserted that Jasperson: 1) overcharged and failed to keep a client adequately informed and failed to abide by the client's decisions (Client L.B.); 2) filed documents on behalf of a client with whom he had never consulted, and signed and filed a document with the bankruptcy court in which he stated that he had informed the client of the client's rights under the Bankruptcy Code when, in fact, he had not even met or talked to the client (Client M.J.); 3) failed to act with reasonable diligence and promptness in representing a client (Client R.M.); 4) failed to timely file a bankruptcy petition and consequently failed to prevent a foreclosure sale of his clients' property (Clients R.M. & K.M.); 5) failed to competently represent a client and charged the client an excessive fee (Client M.J.); 6) failed to follow rules governing advertising and engaged in misleading or deceptive advertising (Newspaper Advertisements); 7) failed to reasonably inform a client and charged the client an excessive fee (Client F.A.); 8) failed to reasonably inform a client and charged the client an excessive fee (Client C.H.); and 9) failed to follow rules governing advertising and engaged in misleading or deceptive advertising (Telephone Book Advertisements). Jasperson tendered a Conditional Guilty Plea for Consent Judgment as to counts six and nine, conditioned on the discipline of a public reprimand being approved by this Court as to those counts. The Bar dismissed count three. The remaining six counts were referred to a referee for hearing.
At the hearing, the Bar failed to present any evidence regarding counts seven and eight, and the referee recommended that those counts be dismissed. Additionally, the referee determined that the evidence presented at the hearing was insufficient to convince the referee that Jasperson had failed to comply with the Rules Regulating The Florida Bar as to counts one and five. These findings have not been contested by either Jasperson or the Bar, and we agree with the referee's findings as to these counts. Consequently, we dismiss counts one, five, seven, and eight.
In his petition for review, Jasperson seeks review of the remaining two counts (counts two and four), both of which involve proceedings before the bankruptcy court. Evidence presented at the hearing reflects the following facts regarding those two counts.

As to Count Two
C.J. retained Jasperson to handle a bankruptcy proceeding on behalf of her and her husband, M.J., primarily to forestall a foreclosure sale of their residence. Jasperson advised C.J. of her rights regarding bankruptcy, but never met with C.J.'s husband. Jasperson prepared a joint bankruptcy petition and allowed C.J. to take the petition to her husband for execution. Instead of getting *461 her husband to sign the petition, C.J. forged her husband's signature on the petition. Jasperson then filed the petition on behalf of both C.J. and M.J. Additionally, although Jasperson had never met or advised M.J., he filed a certification with the bankruptcy court in which he indicated that he had advised both C.J. and M.J. of their rights regarding the petition and available relief.
Subsequently, C.J. and M.J. began dissolution proceedings, and M.J. filed a statement with the bankruptcy court alleging that he had not signed the petition and that he had not authorized his wife to do so on his behalf. Upon review, the bankruptcy court sanctioned Jasperson for filing the false certification with the court, fining him $500 and referring his conduct to the Bar. Further, M.J. claims that, as a result of Jasperson's conduct, his credit status has been damaged.
On these facts, the referee found that Jasperson, in failing to properly advise M.J. and in filing a false certification with the bankruptcy court, violated Rules Regulating The Florida Bar 4-1.2(a) (a lawyer shall consult with a client as to the means by which the objectives of representation are to be pursued), 4-1.4(b) (a lawyer shall explain a matter to the extent reasonably necessary to permit a client to make informed decisions regarding the representation), and 4-3.1 (a lawyer shall not bring a proceeding or assert an issue therein unless there is a good faith basis for doing so).

As to Count Four
Clients R.M. and K.M. retained Jasperson to represent them in a bankruptcy proceeding. The clients wished to file a bankruptcy petition to prevent the sale of their residence through a scheduled foreclosure sale, and they provided Jasperson with the signed and completed bankruptcy petition on August 8, 1991. Through admitted error on the part of Jasperson's office, however, the petition was not filed until approximately one hour after the August 12, 1991, foreclosure sale of the home.
The clients were notified of the foreclosure sale by a third party seeking to purchase their home. Upon discovery of the sale, they contacted Jasperson. Jasperson advised them of several options, including the option of allowing him to purchase the home. The clients sold their home to Jasperson in exchange for his paying off the foreclosure judgment, paying off the clients' unsecured indebtedness, and giving the clients $5,000 cash. In entering into this transaction, Jasperson did not advise the clients of the possibility of a conflict of interest until sometime later when another attorney opposed the redemption of the property. Additionally, even though Jasperson had purchased the property, he continued with the bankruptcy proceeding, including the filing of a second bankruptcy petition. Further, he did not disclose to the bankruptcy court that he had purchased the property. In fact, the bankruptcy court did not discover that Jasperson had purchased the property until a "disgruntled foreclosure sale purchaser" contacted the court.
After the bankruptcy court discovered that Jasperson had purchased the property and had continued with the bankruptcy proceedings without informing the bankruptcy court of that purchase, the bankruptcy court, through a show cause proceeding, sanctioned Jasperson in the amount of $20,000 and referred the matter to the Bar. In its order, the bankruptcy court noted that:
Once the contract for sale was entered and ultimately consummated, the only possible reason for continuing with the bankruptcy case was protection of Jasperson's interests in the property. It is clear at that point Debtors could gain no further advantage by continuation of the case since all the benefits normally obtained by a Chapter 13 case had been realized through the contract for sale of the property. Furthermore, had the Court chosen to convert this case to one under Chapter 7, the potential negative ramifications on Debtors of continuing the bankruptcy case could have been considerable. Thus, it is clear Jasperson's interests not only interfered with his representation of Debtors, they completely dominated all actions taken in the bankruptcy case.
... .
Jasperson has argued repeatedly that during its entire pendency, the bankruptcy *462 case served both himself and Debtors. He has stated the bankruptcy case was continued in order to protect Debtors' equity in their home by permitting Debtors an opportunity to redeem their property. He has also contended if the redemption of the property could not be accomplished either through the bankruptcy case or the state court proceedings, the money paid under the contract for sale would be returned and Debtors would proceed towards proposal of a plan. These assertions are not supported by the contract for sale, the statements in Debtors' Affidavit or common sense....
It follows from this reasoning and from a review of the various pleadings filed in this case and in the adversary proceeding that each document filed after the execution of the contract for sale was filed for the improper purpose of avoiding malpractice liability on the part of Jasperson and protecting Jasperson's interests in the property.
In re Malmen, 140 B.R. 819 (Bankr.M.D.Fla. 1992) (Order Imposing Sanctions) (footnotes omitted). Additionally, the court chastised Jasperson for filing documents containing misleading statements and called the continued bankruptcy proceeding a "mere fiction sustained solely for Jasperson's benefit."
As to this count, the referee found that Jasperson failed to act in a reasonably diligent manner in filing the bankruptcy action; that he should not have personally entered into a purchase and sale agreement with his clients in attempting to resolve the late-filing malpractice error; that he should not have entered into a contract to purchase his clients' property without seeking approval of the bankruptcy court; and that he was not candid and forthright in his testimony and pleadings in the bankruptcy court. Based on this conduct, the referee found Jasperson guilty of violating rules 4-1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client), 4-1.8(a) (a lawyer shall not enter into a business transaction with a client without giving the client a reasonable opportunity to seek the advice of independent counsel in the transaction), 4-1.8(e) (a lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation), and 4-3.3 (a lawyer shall not make false statements of material fact to a tribunal).

Referee's Recommendations
Based on the above findings, the referee recommended that Jasperson receive a public reprimand and be suspended from the practice of law for a period of one year. The referee further recommended that Jasperson be required to complete fifty hours of continuing legal education courses in the areas of ethics and law office management and accounting before being reinstated and that he be required to pay the costs of these proceedings.

Arguments of Counsel
Jasperson contends that the record does not support the referee's findings and recommendations, stating that there was a lack of clear and convincing evidence that he violated any Rules Regulating The Florida Bar. Specifically, as to count two he contends that the evidence reflects that M.J.'s wife was acting as an agent for M.J. and that, under the circumstances, M.J. had to be aware of the proceedings. Consequently, Jasperson claims that the facts of this count are insufficient to support a finding that he violated the rules. In fact, Jasperson contends that, if he violated any rule at all, he violated a rule of the bankruptcy court rather than a rule of this Court.
We are not persuaded by these arguments and find that the record supports a finding that Jasperson violated the Rules Regulating the Florida Bar. It is uncontroverted that Jasperson filed a petition with the bankruptcy court on behalf of a client he had never met or advised. As a result of such violation, he allowed a forged signature to be filed with the court. Whether he knew that the signature was forged is irrelevant. Jasperson had a duty to communicate with M.J. to allow M.J. to make an informed decision regarding the bankruptcy proceeding. Further, other than the word of M.J.'s wife, no evidence exists that she was acting as M.J.'s agent. Had Jasperson met with M.J., he would have had personal knowledge as to whether M.J. wished to be joined in the petition. Additionally, Jasperson filed a false *463 certification with the bankruptcy court. Under these circumstances, we find that the referee properly determined that Jasperson violated the rules as to count two.
Regarding count four, Jasperson contends that the referee considered facts outside the record by considering that Jasperson failed to carry malpractice insurance and erroneously relied on the bankruptcy court's order in reaching his findings. Additionally, Jasperson alleges that he acted diligently in handling his clients' bankruptcy action. We disagree.
First, the referee was not aware that Jasperson failed to carry malpractice insurance until the disciplinary hearing. The disciplinary hearing took place after the referee ruled that Jasperson was guilty of violating the rules. Second, neither this Court nor a referee is bound by the rules of evidence in quasi-judicial disciplinary proceedings filed by the Bar and any evidence deemed relevant in resolving the factual questions at issue may be considered. Third, Jasperson clearly failed to timely file the bankruptcy petition in this case. Fourth, Jasperson failed to disclose to the bankruptcy court that he had purchased his clients' property, and he filed documents containing misleading statements with the court. As such, the referee's findings of guilt are supported by competent, substantial evidence.
Finally, Jasperson contends that the recommended one-year suspension is excessive under the circumstances. Again, we disagree. Jasperson failed to properly advise clients, missed a filing deadline, made fraudulent statements to the bankruptcy court in both cases, improperly entered into a business transaction with his clients, and continued with unnecessary litigation to protect his own interests. Such conduct by a member of the Bar will not be tolerated by this Court. As we indicated in The Florida Bar v. Neu, 597 So.2d 266 (Fla. 1992), discipline must protect the public from unethical conduct, must be fair to a respondent yet be sufficient to punish the breach and encourage reformation and rehabilitation, and must be severe enough to deter others who might be prone or tempted to become involved in like violations. We find that a one-year suspension fulfills those objectives and is clearly required under the circumstances of this case.
Accordingly, we approve the referee's findings and recommendations. We hereby suspend Mark Douglas Jasperson from the practice of law for one year. The suspension will be effective thirty days from the filing of this opinion so that Jasperson can close out his practice and protect the interests of existing clients. If Jasperson notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Jasperson shall accept no new business from the date this opinion is filed. Additionally, by the publication of this opinion, we hereby publicly reprimand Jasperson pursuant to his Conditional Guilty Plea for Consent Judgment as to counts six and nine. After completion of the one-year suspension, Jasperson may be readmitted to the practice of law after proof of rehabilitation and after completion of fifty hours of continuing legal education courses sponsored by the Bar in the areas of ethics and law office management and accounting. Judgment for costs in the amount of $2,662.63 is hereby entered against Jasperson, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.