691 So.2d 480 (1997)
THE FLORIDA BAR, Complainant,
v.
Joseph Scott LANFORD, Respondent.
No. 86927.
Supreme Court of Florida.
April 10, 1997.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee; and Rose Ann DiGangi-Schneider, Bar Counsel and Eric M. Turner, Co-Bar Counsel, Orlando, for Complainant.
R. Keith Williams of R. Keith Williams, P.A., West Melbourne, for Respondent.
PER CURIAM.
We have for review the referee's report and recommendation that Joseph Scott Lanford be found not guilty of charges alleged in The Florida Bar's complaint against him. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution.
The Bar's complaint alleges that Lanford violated Rule Regulating The Florida Bar 4-8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) regarding a client billing matter. After conducting a formal hearing, the referee recommended that Lanford be found not guilty and that no disciplinary measures be applied. The referee also recommended that the parties bear their own costs.
The Bar petitioned this Court for review of the referee's report, arguing that the referee reached an incorrect conclusion as to Lanford's guilt and that the referee's recommendation as to discipline is unjustified.
In order to find that an attorney acted with dishonesty, misrepresentation, deceit, *481 or fraud, the Bar must show the necessary element of intent. Florida Bar v. Neu, 597 So.2d 266, 268 (Fla.1992). An attorney's lack of intent to defraud or deceive a client supports a referee's finding that the attorney's conduct did not constitute dishonesty, misrepresentation, deceit or fraud. Id. Thus, the Bar, as the party seeking to overturn the referee's finding on this point, has the burden of showing that the finding is clearly erroneous or not supported by the record. Id.
The Bar has not carried that burden in the instant case. The record supports the referee's conclusion that Lanford be found not guilty of violating rule 4-8.4(c). Thus, we deny the Bar's petition for review and approve the referee's report. As recommended by the referee, each party shall bear its own costs in this proceeding.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.