# Supreme Court of Florida

_____

No. SC12-223
_____

**THE FLORIDA BAR,**
Complainant,

vs.

**DONNETTE SONYA RUSSELL-LOVE,**
Respondent.

[January 23, 2014]

PER CURIAM.

We have for review a referee's report recommending that Respondent Donnette Sonya Russell-Love be found guilty of professional misconduct in violation of the Rules Regulating the Florida Bar (Bar rules) and suspended from the practice of law for ten days. Respondent Russell-Love filed a notice of intent to seek review of the referee's report and recommendations. We have jurisdiction. See art. V, § 15, Fla. Const. As discussed below, we approve the referee's findings of fact and recommendation as to guilt. However, we disapprove the referee's recommended discipline. We conclude that Russell-Love's serious misconduct in this case warrants a ninety-one day suspension from the practice of law in Florida.

## FACTS

In February 2012, The Florida Bar filed a complaint against Russell-Love, alleging that she engaged in misconduct in violation of Bar rule 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). A referee was appointed to consider the matter. Following a hearing, the referee submitted his report for the Court's review, in which he makes the following findings and recommendations.

Russell-Love and the Bar entered into a Joint Pretrial Stipulation in this case, stipulating to most of the relevant, material facts. In September 2009, Russell-Love was retained by a client, a citizen of the Bahamas; Russell-Love is also of Bahamian descent, and the referee found she is a "distant cousin" of the client. Russell-Love was hired to assist the client in securing a P-1 visa, a type of visa that would allow the client to legally enter the United States to participate in professional tennis tournaments held by the United States Tennis Association (USTA). In December 2009, Russell-Love prepared and submitted a form I-129 (Petition for Nonimmigrant Worker) to the United States Citizenship and Immigration Services (USCIS) on behalf of the client; she also submitted a form G-28 (Notice of Entry of Appearance as Attorney or Representative).

Following her submission, Russell-Love was notified by USCIS that the petition was insufficient, and that the name of the organization sponsoring the

tournament was needed. She contacted the client and learned that the tournament was sponsored by USTA. Accordingly, in February 2010, Russell-Love sent a letter to USTA, requesting that the organization provide a letter confirming that the client was expected to participate in several tournaments in the United States. On March 24, 2010, Russell-Love received a letter from Idelle Pierre-Louis, a USTA employee, stating:

> [The client] has requested a letter that will assist her in obtaining a Visa to enable travel to the United States to participate in professional tennis tournaments. This letter is meant just to inform the consular office that the player has requested to play the event and should not be considered as an endorsement.

(Emphasis added.)

The following day, Russell-Love prepared and submitted to USCIS an amended form I-129. The referee found that Russell-Love knowingly and deliberately listed the USTA as the "Company or Organization" filing the form. She listed her law office address as the contact address for the USTA. She also hand wrote Ms. Pierre-Louis's name in the petitioner's signature line. The signature portion of the form required the petitioner to "certify, under penalty of perjury under the laws of the United States of America, that this petition and the evidence submitted with it is all true and correct. If filing this on behalf of an organization, I certify that I am empowered to do so by that organization."

- 3 -

Russell-Love testified that she was not empowered by the USTA to file any documents on its behalf.

Russell-Love also prepared and submitted an amended form G-28. On this form, Russell-Love listed USTA in the space designated for the "Principal Petitioner, Applicant, or Respondent." She again hand wrote Ms. Pierre-Louis's name in the portion of the form designated for the petitioner's signature. She also signed the form, declaring under penalty of perjury that the information provided was true and correct. Russell-Love admitted that the manner in which she completed the form G-28 indicated that she was the attorney appearing on behalf of the USTA. However, the referee did find it was of "some significance" that Russell-Love attached the March 24, 2010, letter from USTA, and she submitted a separate cover letter that identified her as the attorney representing the client.

In April 2010, USCIS issued a Notice of Action, indicating that the client was approved for a P-1 visa. The Notice lists the "Petitioner" as the USTA, and the "Beneficiary" as the client.

After receiving the P-1 visa, the client had some concerns about the short period of time that was allowed for her travel to the United States, and she contacted a United States Customs and Border Protection Officer for clarification. The officer asked the client to send him a copy of the immigration forms she submitted to USCIS. Upon reviewing the forms, the officer discovered that the

signature on the forms attributed to Ms. Pierre-Louis did not match the signature on the March 24, 2010, USTA letter. The officer then contacted USTA. On May 13, 2010, USTA responded in a letter stating: "[P]lease be advised that the USTA did not agree to petition for [the client], the USTA did not pay any applications fees for [the client's] immigration petition and Ms. Pierre-Louis did not sign the Form I-129 included with your letter."

Based on his investigation, the customs officer reported the filing of false immigration documents to a USCIS field officer in the United States Embassy in Kingston, Jamaica. Ultimately, the client was charged with violations of the Immigration and Nationality Act, and Russell-Love was referred to The Florida Bar. The USCIS field officer testified that the client is now subject to "permanent inadmissibility" from the United States; the client may seek a waiver to allow her to enter the country, although the referee found this is a "burdensome and expensive process."

Based on these factual findings, the referee recommends that Russell-Love be found guilty of violating Bar rule 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). The referee found that Russell-Love violated the rule by: misrepresenting that she was the attorney for USTA; misrepresenting that USTA was petitioning for a visa on behalf of the

client; and by printing the name of a USTA employee on the signature line in the I-129 and G-28 forms.

The referee did not find any aggravating factors in this case. He did find four mitigating factors: the absence of a prior disciplinary record; inexperience in the practice of law; character or reputation; and remorse. The referee also noted that Russell-Love was "overwhelmed in her personal life with her ailing parents, marital discord . . . (which necessarily also involved her young child) and difficulties involving other family members." However, the referee found that the stress created by her personal hardships was not sufficient to excuse her misconduct.

As to the sanction, the referee recommends that Russell-Love be suspended from the practice of law for ten days. The referee awarded costs to The Florida Bar, in the amount of $2,855.91.

As noted, Russell-Love sought review of the referee's report. She challenges the referee's findings of fact, recommendation as to guilt, and the recommended ten-day suspension.

## ANALYSIS

### The Referee's Findings of Fact and Recommendation as to Guilt

Initially, to the extent that Russell-Love seeks review of the referee's findings of fact, we hold that such facts are supported by competent, substantial

evidence.  See Fla. Bar v. Frederick, 756 So. 2d 79, 86 (Fla. 2000) (stating that when the referee's findings are supported by "competent, substantial evidence in the record," this Court is "precluded from reweighing the evidence and substituting [our] judgment for that of the referee") (citing Fla. Bar v. Lange, 711 So. 2d 518, 520 n.5 (Fla. 1998)); see also Fla. Bar v. Jordan, 705 So. 2d 1387, 1390 (Fla. 1998).  As noted, the record reflects that Russell-Love and the Bar entered into a Joint Pretrial Stipulation, stipulating to most of the relevant and material facts. Accordingly, we approve the referee's factual findings without further discussion.

We also approve the referee's recommendation that Russell-Love be found guilty of violating Bar rule 4-8.4(c).  In reviewing a referee's recommendations as to guilt, the Court has repeatedly stated that the referee's factual findings must be sufficient under the applicable rules to support the recommendations as to guilt. See Fla. Bar v. Shoureas, 913 So. 2d 554, 557-58 (Fla. 2005).

Rule 4-8.4(c) provides that a lawyer shall not "engage in conduct involving dishonesty, fraud, deceit, or misrepresentation."  Here, the referee found that Russell-Love violated rule 4-8.4(c) in several ways: she misrepresented that she was the attorney for USTA; she misrepresented that USTA was petitioning for the P-1 visa on behalf of the client; and she printed the name of a USTA employee on both amended forms I-129 and G-28.  We conclude that the referee's recommendations are well supported by the facts.  Russell-Love has admitted that,

in submitting the amended form I-129, she listed the USTA as the "Company or Organization" filing the petition, a knowingly false statement. She also admitted that she hand wrote Ms. Pierre-Louis's name in the signature portion of the form. That section requires the signer to "certify, under penalty of perjury under the laws of the United States of America, that this petition and the evidence submitted with it is all true and correct. If filing this on behalf of an organization, I certify that I am empowered to do so by that organization."

Similarly, in submitting the amended form G-28, Russell-Love has admitted that she listed the USTA as the "Principal Petitioner, Applicant, or Respondent." She also admitted that she hand wrote Ms. Pierre-Louis's name in the signature portion of this form, indicating to USCIS that Russell-Love was appearing on behalf of the USTA. Russell-Love signed the amended form and, in so doing, she declared that the information provided on the form was true and correct.

Russell-Love urges this Court to disapprove the referee's recommendation as to guilt because she contends there is no evidence to demonstrate the required intent to support a violation of Bar rule 4-8.4(c). In general, we have held that in order to sustain a violation of rule 4-8.4(c), the Bar must prove intent as a necessary element of the violation. See Fla. Bar v. Brown, 905 So. 2d 76, 81 (Fla. 2005); Fla. Bar v. Lanford, 691 So. 2d 480, 480-81 (Fla. 1997). However, the Court has also stated that to establish a lawyer's intent, "it must only be shown that

the conduct was deliberate or knowing." Fla. Bar v. Head, 27 So. 3d 1, 9 (Fla. 2010) (citing Fla. Bar v. Fredericks, 731 So. 2d 1249, 1252 (Fla. 1999)).  Here, the referee expressly found that Russell-Love "acted knowingly and deliberately in order to expedite the immigration filing for her client."  She knowingly filled out the amended I-129 and G-28 forms in a manner that led USCIS to believe that the USTA was petitioning for the visa on behalf of the client, and that Russell-Love represented USTA.  Accordingly, we approve the referee's recommendation that Russell-Love's actions were dishonest and a misrepresentation of fact, in violation of Bar rule 4-8.4(c).

**The Referee's Recommended Sanction**

We turn next to the referee's recommended sanction, a ten-day suspension. In reviewing a referee's recommended discipline, this Court's scope of review is broader than that afforded to the referee's findings of fact because, ultimately, it is our responsibility to order the appropriate sanction.  See Fla. Bar v. Anderson, 538 So. 2d 852, 854 (Fla. 1989); see also Art. V, § 15, Fla. Const.  However, generally speaking this Court will not second-guess the referee's recommended discipline as long as it has a reasonable basis in existing case law and the Florida Standards for Imposing Lawyer Sanctions.  See Fla. Bar v. Temmer, 753 So. 2d 555, 558 (Fla. 1999).

We agree with the referee's recommendation that Russell-Love's misconduct warrants a suspension. Cf. Fla. Stds. Imposing Law. Sancs. 6.12 (suspension is appropriate when a lawyer knows that false statements or documents are being submitted to the court or that material information is improperly being withheld, and takes no remedial action). However, we disapprove the referee's recommendation that she be suspended for only ten days. Considering Russell-Love's misconduct, we conclude that a ninety-one day suspension is appropriate.

The referee's factual findings demonstrate that Russell-Love submitted false information on immigration forms she submitted to the United States government. This is a serious ethical violation. Russell-Love acknowledged the immigration forms implied that USTA was petitioning for a P-1 visa on behalf of the client, and that she represented USTA, both of which were false statements. Significantly, Russell-Love filled out or signed the portions of the revised forms declaring under penalty of perjury that the information therein was true and correct. And, the referee found that she acted deliberately and knowingly in order to expedite the immigration filing. We have held that dishonest conduct by a lawyer results in "an erosion of confidence on the part of the judiciary and the public in lawyers' honesty. There is no more serious impact upon the integrity of our judicial system." Fla. Bar v. Corbin, 701 So. 2d 334, 336 (Fla. 1997).

- 10 -

Moreover, Russell-Love's actions caused harm to her client. The USCIS field officer testified in this case that the client was charged with violations of the Immigration and Nationality Act based on Russell-Love's misrepresentations, and that the client is now subject to "permanent inadmissibility" from the United States. Although the client may seek a waiver of her status in order to enter the country, the client also testified that it is a burdensome process.

Given the serious nature of Russell-Love's misconduct and the harm caused to her client, the referee's recommendation for a ten-day suspension is not appropriate, and a more severe sanction is warranted. This Court has consistently stated that dishonesty and a lack of candor cannot be tolerated in a profession that relies on the truthfulness of its members. Fla. Bar v. Rotstein, 835 So. 2d 241, 246 (Fla. 2002) (citing Fla. Bar v. Korones), 752 So. 2d 586, 591 (Fla. 2000)). Here, we hold that Russell-Love's misconduct warrants a ninety-one day suspension. See Fla. Bar v. Baker, 810 So. 2d 876, 882 (Fla. 2002) (suspending an attorney for ninety-one days for forging his ex-wife's signature on legal documents related to the sale of a home owned by the respondent and his ex-wife, and for having his secretary notarize the forged signature); Fla. Bar v. Berthiaume, 78 So. 3d 503, 511 (Fla. 2011) (suspending an attorney for ninety-one days for signing and serving a false subpoena).

We have given consideration to the referee's findings in mitigation. The referee found four mitigating factors: the absence of a prior disciplinary record; inexperience in the practice of law; good character or reputation; and remorse. Notably, the referee found that, absent this isolated incident, Russell-Love is someone of high integrity. Nonetheless, we conclude that the mitigating factors do not outweigh Russell-Love's serious misconduct.

**CONCLUSION**

Accordingly, Respondent Russell-Love is hereby suspended for ninety-one days. The suspension will be effective thirty days from the filing of this opinion so that Russell-Love can close out her practice and protect the interests of existing clients. If Russell-Love notifies this Court in writing that she is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Russell-Love shall fully comply with Rule Regulating the Florida Bar 3-5.1(h). Further, Russell-Love shall accept no new business from the date of this opinion until she is reinstated.

Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Donnette Sonya Russell-Love in the amount of $2,855.91 for which sum let execution issue.

It is so ordered.

POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THIS SUSPENSION.

Original Proceeding – The Florida Bar

John F. Harkness, Jr., Executive Director, and Kenneth Lawrence Marvin, Staff Counsel, The Florida Bar, Tallahassee, Florida, and Ghenete Elaine Wright Muir, Bar Counsel, The Florida Bar, Sunrise, Florida,

    for Complainant

Donnette Sonya Russell-Love, pro se, Davie, Florida,

    for Respondent