PER CURIAM.
This disciplinary proceeding by The Florida Bar against T. David Burns, a member of The Florida Bar, is presently before us on complaint of The Florida Bar and Report of Referee. Pursuant to Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court.
Having considered the pleadings and evidence, the referee found as follows:
After having heard all of the testimony presented and having considered the exhibits filed in evidence, there appear to be certain inescapable facts bearing upon the charges made against the Respondent. First, it is obvious that on March 26th, 1979, the day before he appeared in the courtroom on a stretcher, the Respondent had been able to go by private automobile from his home in Pasco County to the Veterans Administration Hospital in Tampa dressed in normal attire, and that he had been able to walk into and out of the hospital without any visible distress of any magnitude. Second, although the Respondent stated that he was not aware on March 26th, 1979 that the trial was to be conducted the following day by Judge Patterson, he apparently made no effort to obtain that information. It is apparent that under those circumstances the Respondent made no effort to contact the Chief Judge of the Sixth Judicial Circuit either for the purpose of determining which judge would conduct the trial or of advising the Chief Judge of his physical complaints. Thirdly, the Respondent was aware, on both March 26th and March 27th, 1979, that the press had an interest in the trial of his client, Mr. Cook, and, as an attorney who had been engaged in the practice of law for approximately twenty-seven years at that time, it is reasonable to assume that the Respondent should have anticipated that publicity would be given to his appearance in a courtroom on a stretcher attired in bedclothes. Fourthly, an attorney who had been engaged in the practice of law as long as the Respondent had been at that time should have reasonably anticipated that his action is [sic] appearing in the courtroom on a stretcher would have created an immediate problem for the judge before whom the trial was set, particularly in view of the uncertainty of the Respondent as to whether or not he could proceed with the trial at that time. Fifthly, the Respon *1326 dent should have realized that by such conduct, he would place the trial judge in a position where the latter would be forced either to grant a further continuance of the trial (the record in this case indicating that the case had been set for trial on more than one occasion prior to the occurrence in question), or of forcing an attorney, who claimed to be ill, to proceed with the trial despite the illness. Sixthly, even if the Respondent believed that it was imperative that he be present for the trial, it is obvious that he could have requested his wife, who had accompanied him, or an ambulance attendant, to advise the judge of his condition before he was carried into the courtroom on a stretcher.
It is obvious that the Respondent may very well have been confused as a result of the instructions or advice given him by the doctors at the Veterans Administration Hospital. In the certificates furnished by the two doctors they stated that the Respondent should have complete bedrest for a period of three weeks following March 26th, 1979, but from their testimony given before Judge Patterson it appears that what they really meant was that would be the best course to follow and that the Respondent could do whatever he felt able to do. It is clear that on March 26th, 1979 the Respondent felt that he was able to dress and to walk in and out of the hospital.
In summary it is the conclusion of the undersigned that whether or not the Respondent deliberately intended by his action in going into the courtroom on a stretcher and dressed in bedclothing to embarrass the trial judge or to bring criticism upon the court, he should have realized, by reason of the length of time that he had then been engaged in the practice of law, that such a result would follow.
[[Image here]]
Based upon the evidence in this proceeding and upon the conclusions herein-before set forth, it is the finding of the ... Referee that the Respondent is guilty of a violation of the provisions of Disciplinary Rules 1 102(A)(5) and 1 -102(A)(6) in that his conduct in appearing in the courtroom on a stretcher and dressed in bedclothing constituting [sic] his engaging in conduct that was prejudicial to the administration of justice, and engaging in conduct that adversely reflects on his fitness to practice law.
The referee recommends that respondent be found guilty of the above disciplinary rules and recommends that respondent be suspended from the practice of law for a period of thirty (30) days and also receive a public reprimand.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, T. David Burns, is hereby suspended from the practice of law for a period of thirty (30) days, effective February 16, 1981, thereby giving respondent thirty (30) days to close out his practice and take the necessary steps to protect his clients. The publication of this order and judgment shall constitute a public reprimand, and it is further
ORDERED that The Florida Bar’s Motion to Strike Respondent’s Petition for Review is granted and the Petition for Review is hereby stricken.
Costs in the amount of $479.95 are hereby taxed against the respondent.
It is so ordered.
SUNDBERG, C. J„ and ADKINS, ENGLAND, ALDERMAN and McDONALD, JJ., concur.