PER CURIAM.
This disciplinary proceeding by The Florida Bar against J. Richard Staley, a member of The Florida Bar, is presently before us on complaint of The Florida Bar and report of referee. Pursuant to article XI, Rule *490 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review pursuant to Integration Rule of The Florida Bar 11.09(1) has been filed.
Having considered the pleadings and evidence, the referee found as follows:
1. As to Count I:
I find that the evidence is insufficient to substantiate the charge that the Respondent’s conduct involved deceit in the contact with his client at the outset of the relationship regarding the loan request. Therefore, I find that Respondent did not violate Disciplinary Rule 1-102(A)(4).
As to the allegation of a violation of Disciplinary Rule 5-101(A), I find that the Respondent did violate that Rule in that Respondent accepted employment in the loan transaction when his own financial and business interests were involved.
I further find that the Respondent is in violation of Disciplinary Rule 5-104(A) in that Respondent entered into a business transaction with his client in which they had differing interests and the client expected Respondent to exercise his professional judgment to protect her interest without full disclosure and consent.
2. As to Count II:
As to Count II, I find that the Respondent violated Rule 11.02(4)(c) and the corresponding Bylaw of the Integration Rule of The Florida Bar for improper and inadequate Trust Account record keeping as well as Disciplinary Rule 9-102(B)(3) for improper and inadequate Trust Account record keeping in that:
Respondent did not make the minimally required quarterly reconciliations of his internal trust account with his bank trust account.
Respondent’s internal records did not always show the source and date of all receipts of trust funds.
Respondent’s internal records including cancelled checks and check stubs did not accurately reflect at all times the identity of the client for whom the money is being disbursed.
Respondent did not maintain an individual client ledger sheet or card and/or file containing an accounting for each person from whom or for whom trust money had been received.
The referee made the following recommendations as to whether or not the Respondent should be found guilty:
1. As to Count I:
Violation of Rule 5-101(A) for accepting employment in a transaction when his own financial and business interests were involved.
Violation of Rule 5-104(A) for entering into a business transaction with his client where they had differing interests and the client expected Respondent to exercise his professional judgment to protect her without full disclosure and consent.
2. As to Count II:
Violation of Rule 11.02(4)(c) and the corresponding Bylaw of the Integration Rule of The Florida Bar for improper and inadequate Trust Account record keeping as well as Disciplinary Rule 9-102(B)(3) for improper and inadequate Trust Account record keeping.
The referee recommends that respondent receive a public reprimand and be placed on probation for a period of one (1) year as provided in Rule 11.10(1) to provide supervision over the Respondent’s Trust Account.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, J. Richard Sta-ley, is hereby reprimanded and publication of this opinion in Southern Reporter will serve as the public reprimand. J. Richard Staley is placed on probation for one year, effective thirty days from the filing of this opinion. At the beginning of probation, and quarterly during probation, The Florida Bar shall examine respondent’s trust *491 account records to determine whether those records have been maintained in accordance with the Bar’s rules and bylaws governing trust accounts.
Costs in the amount of $1,074.71 is hereby taxed against respondent.
It is so ordered.
ADKINS, A.C.J., and OVERTON, ALDERMAN, EHRLICH and SHAW, JJ„ concur.