493 So.2d 1018 (1986)
THE FLORIDA BAR, Complainant,
v.
Marzell MITCHELL, Jr., Respondent.
No. 66541.
Supreme Court of Florida.
September 4, 1986.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Jacquelyn Plasner Needelman, Bar Counsel, Ft. Lauderdale, for complainant.
Marzell Mitchell, Jr., West Palm Beach, in pro. per.
PER CURIAM.
We have for review a Petition for Review by The Florida Bar of a Report of a Referee assigned to hear a disciplinary case against respondent. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution.
The Florida Bar filed a complaint alleging that respondent, Marzell Mitchell, Jr., *1019 had failed to keep adequate records of his trust accounts and had co-mingled personal funds with trust funds. An audit was performed covering the period from May 1, 1980 through May 1983. The referee found that during this time funds belonging to respondent and his wife were deposited into, and personal payments were made from, respondent's trust account. The referee also found that respondent failed to maintain quarterly balance reconciliations, deposit slips, ledger cards, or any records indicating the reasons for disbursements from the trust account. The referee found that respondent received a private reprimand in 1978. In the present case the referee recommends another private reprimand.
In its brief the Florida Bar seeks to increase the discipline to a public reprimand and two years of probation. The respondent has failed to file a brief despite repeated requests from this Court. In light of respondent's previous disciplinary record, his lengthy and continuous period of failing to comply with the trust account record-keeping requirements contained in The Florida Bar Integration Rule, article XI, Rule 11.02(4), and his intermingling of personal and trust account funds in violation of Code of Professional Responsibility, Disciplinary Rule 9-102, we find that a private reprimand is too lenient a penalty. We therefore adopt the referee's findings of fact, but do not approve his recommendation as to the appropriate discipline. Instead we order that through the publication of this opinion respondent be publicly reprimanded and that he be placed on probation for two years. During this two-year period, respondent shall be required to submit quarterly reports prepared by a certified public accountant that respondent's trust records have been reviewed and are in compliance with The Florida Bar Integration Rule 11.02. The quarterly reports are to be filed with The Florida Bar's office for lawyer regulation and discipline at Bar headquarters in Tallahassee. The costs of bringing this proceeding are taxed against respondent. Judgment for costs in the amount of $2,630.75 is hereby entered against him, for which sum let execution issue.
It is so ordered.
McDONALD, C.J., and BOYD, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.
ADKINS, J., dissents with an opinion.
ADKINS, Justice, dissenting.
I would dismiss the proceedings. The 1978 private reprimand resulted from a charge involving trust account record keeping violations, but the Grievance Committee found that the problem involved ignorance of trust accounting procedures rather than willful misconduct. Respondent is a criminal lawyer who does not handle trust funds. I would dismiss these technical charges.