PER CURIAM.
Attorney Joe G. Hosner petitions for review of the report of the referee filed in this disciplinary action brought by The Florida Bar. Review is sought under Rule 3-7.6 of the Rules Regulating The Florida Bar. Our jurisdiction of the proceeding is based on article Y, section 15 of the Florida Constitution.
The referee found that an audit of respondent’s trust account, in the course of which “monthly trust reconciliations” were performed, revealed trust account “shortages” for three months in 1983 and “overages” for five months in 1983 and two-months in 1984. The referee recommended that respondent be found guilty of violating the Code of Professional Responsibility, Disciplinary Rule 9-102(A).[1] This rule prohibits the deposit of funds belonging to a lawyer into an account in which clients’ funds entrusted to the lawyer are kept, except as authorized therein. The referee also recommended finding respondent guilty of violating the Florida Bar Integration Rule, article XI, Rule 11.02(4),[2] which provides rules for the practice of keeping and accounting for funds held in trust for clients, and article XI, section 11.02(4)(c) of the Integration Rule Bylaws,[3] which requires the preparation of periodic trust account reconciliations. As discipline, the referee recommended suspension from the practice of law for ninety days and probation for three years.
Respondent does not contest the referee’s findings of fact or recommended findings of guilt. He acknowledges his guilt in failing to follow proper trust accounting procedures, including the failure to prepare periodic reconciliations, and the intermingling of his money with funds held in trust for clients. He argues, however, that the disciplinary measures recommended by the referee are inappropriate to this case in light of the level of misconduct shown. Respondent points out that there is no finding of misappropriation of funds or intentional misuse of funds, nor any mishandling of any particular client’s prop *1058 erty, nor any failure to disburse any client’s funds at the time required. Respondent asserts that there is no evidence of injury to any client, nor even any delay or inconvenience to any client with regard to the disbursal of funds in accordance with clients’ instructions.
In seeking to sustain the referee’s recommendation as to discipline, the Bar argues that there was great potential for harm to clients from respondent’s trust accounting misconduct. The Bar suggests that respondent may have been guilty of violating article XI, Rule 11.02(4) of the Integration Rule[4] by disbursing funds from his trust account prior to the time when the corresponding deposits constituted collected funds in the account, i.e., disbursing trust account funds for purposes not authorized by the owners and then reimbursing the account by means of deposits received from other clients or sources. The referee’s report contains no finding of any such violation nor did the Bar’s complaint accuse respondent of any such misconduct. Misconduct not charged may not provide the basis for punishment.
Professional misconduct of the nature and severity shown in the present case— failure to follow trust accounting rules and intermingling personal funds with those held in trust — has been found to warrant a public reprimand in other cases. E.g., The Florida Bar v. Suprina, 468 So.2d 988 (Fla.1985). Public reprimands have also been imposed in more serious cases where such misconduct has been combined with other additional violations and in second-offense cases. E.g., The Florida Bar v. Mitchell, 493 So.2d 1018 (Fla.1986) (with probation); The Florida Bar v. Aaron, 490 So.2d 941 (Fla.1986) (with probation); The Florida Bar v. Staley, 457 So.2d 489 (Fla.1984) (with probation).
As authority for its position that respondent should be suspended, the Bar cites the American Bar Association’s Standards for Imposing Lawyer Sanctions (1986), Rule 4.12, which provides: “Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client.” We find it appropriate to quote Rule 4.1 in its entirety so that the foregoing provision can be seen in proper context. •
4.1 Failure to Preserve the Client’s Property
Absent aggravating or mitigating circumstances, upon application of the factors set out in 3.0, the following sanctions are generally appropriate in cases involving the failure to preserve client property:
4.11 Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client.
4.12 Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client.
4.13 Reprimand is generally appropriate when a lawyer is negligent in dealing with client property and causes injury or potential injury to a client.
4.14 Admonition [private reprimand] is generally appropriate when a lawyer is negligent in dealing with client property and causes little or no actual or potential injury to a client.
The evidence showed and the referee found negligence and potential client injury. It appears that a reprimand is the recommended sanction under these guidelines.
We conclude that a public reprimand is the appropriate discipline in this case. Accordingly, we hereby reprimand attorney Joe G. Hosner for professional misconduct. However, to ensure that respondent complies with all applicable rules regarding trust account practices and procedures, we accept the recommendation of probation for three years. During the period of probation, respondent shall file quarterly trust account audit reports with the lawyer regulation staff of The Florida Bar.
The costs of this proceeding are assessed against the respondent. Judgment is entered against Joe G. Hosner for costs in the *1059 amount of $5,586.99, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
EHRLICH, J., concurs in part and dissents in part with an opinion.

. The Code of Professional Responsibility has been superseded by the Rules Regulating The Florida Bar, effective January 1, 1987. The conduct prohibited by D.R.9-102(A) is addressed in Rule' 4-1.15 of the new rules.

. The Florida Bar Integration Rule has also been superseded by the new Rules Regulating The Florida Bar. Trust accounting regulations are found in Rules 5-1.1 and 5-1.2 of the new rules.

.See Rules Regulating The Florida Bar, Rule 5-1.2(c).

. See Rules Regulating The Florida Bar, Rule 5-1.l(f).