575 So.2d 176 (1991)
THE FLORIDA BAR, Complainant,
v.
Corrine McCLURE, Respondent.
No. 64093.
Supreme Court of Florida.
January 17, 1991.
Rehearing Denied March 13, 1991.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Diane Victor Kuenzel, Bar Counsel, Tampa, for complainant.
*177 Alan C. Sundberg and F. Townsend Hawkes of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tallahassee, and Raymond E. LaPorte, Co-Counsel, Tampa, for respondent.
PER CURIAM.
This proceeding is before the Court on petition for review of a referee's report in a Florida Bar disciplinary proceeding. We have jurisdiction. Art. V, § 15, Fla. Const.
The Florida Bar filed a three-count complaint against Corrine McClure, a member of the bar. Count one alleged that she wrongfully withheld funds from an estate she represented, thus violating the former Code of Professional Responsibility, disciplinary rules 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation) and 1-102(A)(5) (conduct prejudicial to the administration of justice). Count two charged the wrongful withholding of funds from a second estate, again in violation of rules 1-102(A)(4) and (5). Count three alleged violations of the former Integration Rule based on failure to perform trust accounting practices and procedures as required by the applicable rule provisions. The referee found the facts to be as alleged in the complaint, found McClure guilty on all counts, and recommended disbarment.
At the hearing before the referee, the bar presented the testimony of a witness who, as a state attorney's investigator, had surreptitiously transmitted and recorded conversations and statements occurring in McClure's office during the course of a criminal investigation in March 1981. The investigator's testimony, McClure says, was based at least in part on the tapes. Conceding that the exclusionary rule in article I, section 12 of the Florida Constitution is inapplicable in bar discipline proceedings, The Florida Bar v. Lancaster, 448 So.2d 1019 (Fla. 1984), McClure argues that electronically intercepted evidence is inadmissible in such proceedings because its use is not affirmatively authorized by section 934.08, Florida Statutes (1981). We reject this argument. We find the evidence to have been obtained in accordance with the applicable provisions of chapter 934, Florida Statutes (1981); it therefore does not come within the prohibition against the use of illegally obtained evidence set forth in section 934.06. The investigator who conducted the interception of oral communications in McClure's office acted pursuant to the authority of a state attorney and therefore acted lawfully under section 934.03(2)(c). State v. Williams, 443 So.2d 952 (Fla. 1983). Because the gathering of the evidence was not illegal, its use in the proceedings before the referee was not prohibited by the statute.
McClure also argues that the bar presented insufficient evidence to support the referee's finding her guilty of conduct involving dishonesty, fraud, deceit, or misrepresentation. In bar discipline proceedings, the evidence of misconduct must be clear and convincing in order for a referee to find the accused lawyer guilty. The Florida Bar v. Quick, 279 So.2d 4 (Fla. 1973); The Florida Bar v. Rayman, 238 So.2d 594 (Fla. 1970). The party seeking review has the burden of showing that the referee's findings are "clearly erroneous or lacking in evidentiary support." The Florida Bar v. Wagner, 212 So.2d 770, 772 (Fla. 1968). Unless this burden is met, a referee's findings will be upheld on review. The Florida Bar v. Hirsch, 359 So.2d 856 (Fla. 1978).
McClure has failed to meet this burden. There is competent, substantial evidence in the record to support the referee's conclusions that McClure's failures to account for estate funds and that the disbursals of such funds to herself were not inadvertent, as she claims. Therefore, we approve the recommended finding of guilt of two counts of violating disciplinary rule 1-102(A)(4).
Counts one and two of the complaint also charged violation of disciplinary rule 1-102(A)(5), which prohibits "conduct that is prejudicial to the administration of justice." The improper handling of the funds of the two estates formed the basis for these charges. Finding the facts to be as alleged in the complaint, the referee found McClure guilty as charged. McClure *178 argues that finding these violations is not supported by sufficient evidence because her mismanagement of the estate funds did not constitute conduct prejudicial to the administration of justice. See The Florida Bar v. Pettie, 424 So.2d 734 (Fla. 1982); The Florida Bar v. Burns, 392 So.2d 1325 (Fla. 1981). In Pettie we held that a lawyer's illegal conduct, unrelated to his law practice and to any business before the courts, did not constitute conduct prejudicial to the administration of justice and gave examples of some of the kinds of behavior that might violate the rule. The examples, however, did not purport to provide a definition or limitation of the kinds of conduct included, and, therefore, Pettie does not control. Similarly, our approval in Burns of finding a violation based on a lawyer's inappropriate behavior in a courtroom does not provide a limiting construction of the rule that controls the present case.
The evidence shows that McClure mismanaged the funds to the detriment of the beneficiaries of the estates. Her misconduct pertained directly to legal work or fiduciary services performed on behalf of the estates and, therefore, directly related to the representation of the estates in probate proceedings. Although restitution has been made, it makes little difference to the beneficiaries whether money was withheld from the estates intentionally or through negligence. We conclude that the showing of mismanagement of estate funds supports the finding of conduct prejudicial to the administration of justice.
Therefore, we hereby disbar Corrine McClure from the practice of law in this state. So that McClure may close out her practice in an orderly manner and take the steps necessary to protect her clients, this disbarment will be effective thirty days from the date this opinion is filed. McClure shall accept no new clients and no new legal business from the date of filing of this opinion, and she is hereby enjoined from the further practice of law after that date. McClure may seek readmission to The Florida Bar three years from the date her disbarment becomes effective.[*] Judgment is hereby entered against McClure for costs in the amount of $8,123.30, for which sum let execution issue.
It is so ordered.
SHAW, C.J., BARKETT, GRIMES and KOGAN, JJ., and EHRLICH, Senior Justice, concur.
McDONALD, J., dissents with an opinion, in which OVERTON, J., concurs.
McDONALD, Justice, dissenting.
I do not believe McClure should be disbarred. The kind of serious misconduct charged in this case, involving dishonesty or fraud, includes a mental element of intent or scienter. The theory underlying the charge of dishonesty or fraud was that McClure stole money from the estates. To demonstrate scienter the bar must prove by clear and convincing evidence that McClure intentionally misappropriated funds from the estates.
Upon review of the record, I do not find sufficient evidentiary support to sustain the finding of guilt under the applicable standard. Although the evidence before the referee demonstrated seriously inadequate accounting practices, the bar did not establish intentional misappropriation of funds by clear and convincing evidence. I would disapprove the recommended finding of guilt of two counts of violating disciplinary rule 1-102(A)(4).
I would approve the referee's findings insofar as they found McClure guilty of faulty trust accounting practices and two counts of conduct prejudicial to the administration of justice. For this misconduct I would suspend her from practice for one year.
OVERTON, J., concurs.
NOTES
[*] Although the current rules provide five years before a disbarred attorney may seek readmission, R. Regulating Fla.Bar 3-5.1(f), we find three years appropriate in this case. The delay in disposing of this case arose through no fault of the parties, and, if it had been disposed of in a timely manner, the former three-year rule would have controlled.