586 So.2d 1051 (1991)
THE FLORIDA BAR, Complainant,
v.
Harvey L. WEISS, Respondent.
No. 76407.
Supreme Court of Florida.
October 3, 1991.
John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel and *1052 James N. Watson, Jr., Bar Counsel, Tallahassee, for complainant.
John A. Weiss, Tallahassee, for respondent.
PER CURIAM.
This matter is before us upon a referee's report recommending that respondent Harvey L. Weiss be disbarred from the practice of law in the state of Florida.[*]
Respondent is a lawyer who practices in New Jersey and is also admitted to The Florida Bar. In 1984 the New Jersey Office of Attorney Ethics performed a random audit of respondent's law practice, which revealed shortages in three different client accounts. Respondent and his partner were charged with six counts of misconduct.
Respondent presented evidence before the New Jersey Ethics Committee that he had retained a certified public accountant to reconcile his bank statements and maintain receipt and disbursement journals but that respondent did not supervise the accountant and did not educate him about the rules concerning attorney trust accounts. Although the accountant noticed negative balances in respondent's trust accounts, he failed to bring the matter to respondent's attention. Nor did respondent receive notice of the negative balances from the bank because the accountant opened the statements, and the bank provided free automatic overdraft coverage.
The Ethics Committee observed that no client had suffered a loss and found no clear and convincing evidence of intentional misconduct. Rather, the Committee found that the shortages were due to poor record-keeping and misplaced reliance upon an accountant who maintained the trust records in an improper fashion. The Committee recommended that respondent receive a public reprimand for failure to maintain proper trust account records and failure to safeguard client funds.
After a de novo review of the record, the New Jersey Disciplinary Review Board agreed with the Committee that there was no clear and convincing evidence of knowing misappropriation but recommended that respondent be suspended from the practice of law for six months because of his gross negligence. The New Jersey Supreme Court adopted this recommendation and suspended respondent for six months.
In response to the New Jersey proceedings, The Florida Bar filed a formal complaint against respondent. In the hearing before a referee, the Bar introduced the affidavit and report of a New Jersey Bar auditor upon which the originating complaint was based. Respondent did not physically attend the hearing but wrote the referee, admitting the New Jersey proceedings, conceding that he was bound by them, and indicating his willingness to accept the same discipline as imposed by the New Jersey Supreme Court.
The referee found that respondent had converted and misappropriated client trust accounts for the personal use of respondent and his law firm and recommended that respondent be found guilty of violating the following Rules Regulating The Florida Bar: rule 3-4.3 (the commission of any act which is unlawful or contrary to honesty and justice); rule 4-1.15(a) (a lawyer shall hold in trust, separate from the lawyer's own property, funds and property of clients or third persons that are in connection with a representation); rule 4-1.15(b) (a lawyer must notify clients or third person upon receipt of such funds); rule 4-1.15(c) (if both lawyer and another person claim interest to property it shall be treated as trust property); rule 4-8.4(a) (a lawyer shall not violate or attempt to violate the Rules of Professional Conduct); rule 4-8.4(b) (a lawyer shall not commit a criminal act); and rule 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). The referee recommended that respondent be disbarred.
Respondent challenges the referee's recommendation and argues that the evidence in the record supports a finding of no more than gross negligence and, therefore, disbarment is unwarranted. Respondent concedes *1053 that Florida is not bound to impose the same discipline as did New Jersey, but claims that the disparity in this instance is totally unsupported by this record.
The Bar has the burden of proving by clear and convincing evidence that respondent is guilty of specific rule violations. The Fla. Bar v. Burke, 578 So.2d 1099, 1102 (Fla. 1991). It is a function of the referee to weigh the evidence and determine its sufficiency, and we will not substitute our judgment for that of the referee unless it is clearly erroneous or lacking in evidentiary support. E.g., The Fla. Bar v. Scott, 566 So.2d 765, 767 (Fla. 1990). The record in this case does not sustain all the rule violations cited. Specifically, the record does not support findings that the respondent (1) committed an unlawful act under rule 3-4.3; (2) violated rule 4-1.15(c) in which both the lawyer and another person claim an interest in property; (3) committed a criminal act under rule 4-8.4(b); or (4) engaged in conduct involving fraud, dishonesty, deceit, or misrepresentation in violation of rule 4-8.4(c).
The record does show that the respondent commingled client funds in violation of rule 4-1.15(a) and also that respondent failed to notify clients upon receipt of such funds in violation of rule 4-1.15(b). These violations necessarily entail a violation of rule 4-8.4(a) prohibiting a lawyer from violating the rules. There is no evidence, however, to contradict or refute New Jersey's finding of a lack of knowing misappropriation.
The misuse of client funds is one of the most serious offenses a lawyer can commit. The Fla. Bar v. Schiller, 537 So.2d 992, 993 (Fla. 1989). However, in imposing discipline for trust account violations, this Court's case law suggests a clear distinction between cases where the lawyer's conduct is deliberate or intentional and cases where the lawyer acts in a negligent or grossly negligent manner. For example, in The Florida Bar v. Whigham, 525 So.2d 873 (Fla. 1988), the Court held that a lawyer's gross negligence in managing a client trust account, absent willful misappropriation of client funds, warrants suspension for three years, but does not warrant disbarment. This was so even though Whigham had previously been reprimanded and placed on probation for one year for negligently mismanaging client trust accounts. Whigham's trust account subsequently was reaudited based on his failure to submit quarterly trust account reconciliations required as a condition of his probation. The audit revealed overdrafts on several occasions, checks returned for insufficient funds, mathematical errors on client ledger cards, and commingling of personal funds in the client trust account. Whigham admitted all the allegations. As in the present case, no client suffered any financial injury, no client complained to the Bar, and the lawyer fully cooperated with The Florida Bar. See, e.g., Burke, 578 So.2d at 1102 (holding that grossly negligent misappropriation of client funds warrants a ninety-one day suspension); The Fla. Bar v. McClure, 575 So.2d 176, 178 (Fla. 1991) (McDonald, J., dissenting) (arguing that disbarment for dishonesty or fraud requires clear and convincing proof of intentional misappropriation); The Fla. Bar v. Hartman, 519 So.2d 606, 608 (Fla. 1988) (holding that unintentional misuse of client funds warrants two year suspension); The Fla. Bar v. Hosner, 513 So.2d 1057, 1058 (Fla. 1987) (finding that public reprimand and probation are appropriate discipline for negligent trust accounting); see also The Fla. Bar v. McShirley, 573 So.2d 807, 808 (Fla. 1991) (holding that the knowing conversion of client funds warranted a three-year suspension in light of mitigating factors).
In contrast, in The Florida Bar v. Diaz-Silveira, 557 So.2d 570 (Fla. 1990), after an audit revealed a series of 300 trust account violations, this Court agreed with the referee's specific finding that Diaz-Silveira's actions were intentional. After considering mitigating factors, the Court noted that although Diaz-Silveira might be capable of rehabilitation, the fact that his acts were intentional and that he had previously been disciplined for similar misconduct warranted disbarment. See, e.g., The Fla. Bar v. DeSerio, 529 So.2d 1117, 1120 (Fla. 1988) *1054 (finding that intentional conversion of client property warrants disbarment).
Although the record in the present case supports a finding that the respondent was grossly negligent in his handling of client trust accounts by failing to properly supervise his accountant's work, this record does not contain evidence that respondent intentionally or knowingly converted and misappropriated those funds. In considering the appropriate penalty, we note that respondent immediately corrected his accounting system when the problem was brought to his attention, that no client complained or suffered injury, and that respondent has cooperated with The Florida Bar. Moreover, this is the first instance of misconduct in respondent's twenty-eight years of practice. As in The Florida Bar v. Miller, 548 So.2d 219 (Fla. 1989), nothing more than suspension is warranted on these facts.
Accordingly, respondent is suspended from the practice of law in this state for six months, nunc pro tunc to July 27, 1990, when his temporary suspension in Florida took effect. Judgment is entered against respondent for costs in the amount of $568, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[*] We have jurisdiction pursuant to article V, section 15 of the Florida Constitution.