645 So.2d 414 (1994)
THE FLORIDA BAR, Complainant,
v.
Marzell MITCHELL, Jr., Respondent.
No. 81901.
Supreme Court of Florida.
October 27, 1994.
Rehearing Denied December 6, 1994.
*415 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Luain T. Hensel, Bar Counsel, Ft. Lauderdale, for complainant.
Marzell Mitchell, Jr., pro se.
PER CURIAM.
The respondent, Marzell Mitchell, Jr., seeks review of the referee's report in this attorney-disciplinary action. We have jurisdiction[1] and adopt the referee's recommendations as to guilt and discipline.
After conducting an examination of Mitchell's trust account, The Florida Bar filed a six count complaint charging him with various trust account violations during the period January 1, 1989 through February 28, 1991. As to count I, the referee found that during the relevant period, Mitchell deposited personal funds and legal fees into his trust account, which constituted commingling. As to count II, the referee recommends that Mitchell be found not guilty. As to count III, the referee found that during the period of the review of his trust account, Mitchell failed to maintain the minimum trust account records required by the Rules Regulating Trust Accounts. As to count IV, the referee found that during the relevant period, Mitchell failed to follow minimum trust accounting procedures. As to count V, the referee found that a client ledger card and closing statement submitted to the Bar in relation to a worker's compensation settlement did not accurately reflect the deposits to and disbursements from Mitchell's trust account. However, the referee found the incorrect closing statement and ledger card were the result of Mitchell's failure to understand trust account requirements rather than an intentional misrepresentation. As to count VI, the referee found that during the period of the Bar's review, Mitchell failed to remit interest earned on his trust account to The Florida Bar Foundation.
The referee recommends that Mitchell be found guilty of violating 1) as to count I, Rules Regulating The Florida Bar 4-1.15(a) (a lawyer shall not commingle personal funds with client funds) and 4-8.4(a) (a lawyer shall not violate the Rules of Professional Conduct); 2) as to count III, Rules Regulating The Florida Bar 4-1.15(d) (a lawyer shall comply with the Rules Regulating Trust Accounts) and 4-8.4(a) (violating Rules of Professional Conduct), 5-1.1(c) (minimum trust accounting records shall be maintained), 5-1.2(b)(2) (a lawyer must maintain original or duplicate deposit slips identifying the date and source of all trust funds received and the client or matter for which the funds were received), 5-1.2(b)(3) (a lawyer must maintain original cancelled checks, all of which must be consecutively numbered), 5-1.2(b)(5) (a lawyer must maintain a separate cash receipts and disbursement journal), and 5-1.2(b)(6) (a lawyer must maintain a separate file or ledger with an individual card or page for each client or matter, showing all individual receipts, disbursements or transfers and any unexpended balance, etc.); 3) as to count VI, Rules Regulating The Florida Bar 4-1.15(d) (a lawyer shall comply with the Rules Regulating Trust Accounts), 4-8.4(a) (violating Rules of Professional Conduct), 5-1.1(c) (minimum trust accounting records shall be maintained), 5-1.2(c)(1)(a) (a lawyer shall cause to be made monthly reconciliations of all trust accounts, etc.), and 5-1.2(c)(1)(b) (a lawyer shall cause to be made monthly a comparison between the total of the reconciled balances of all trust accounts and the total of the trust ledger cards or pages, together with specific descriptions of any differences between the two totals and reasons therefor); 4) as to count V, Rules Regulating The Florida Bar 4-1.15(a) (commingling); and 5) as to count VI, Rules Regulating The Florida Bar 4-1.15(d), 4-8.4(a) (violating Rules of Professional Conduct), and 5-1.1(d)(2) (all nominal or short-term funds belonging *416 to clients which are placed in trust shall be deposited into one or more interestbearing trust accounts for the benefit of the Foundation).
Prior to making a recommendation as to the appropriate discipline, the referee considered Mitchell's personal history and his past disciplinary record. In 1978, Mitchell received a private reprimand for failing to maintain appropriate trust accounting records. It was determined this failure was the result of ignorance rather then wilful misconduct. In 1986, Mitchell received a public reprimand and was placed on probation for two years for failing to maintain adequate trust accounting records and for commingling personal funds with trust funds. The Florida Bar v. Mitchell, 493 So.2d 1018 (Fla. 1986). The referee also considered in aggravation Mitchell's failure to appear for a properly noticed deposition and his failure to appear at a properly noticed hearing necessitated by his failure to appear for the deposition.
The referee recommends that Mitchell be suspended from the practice of law for a period of three months with automatic reinstatement at the end of the period of suspension, as provided in rule 3-5.1(e). The referee also recommends that Mitchell be required to contact and meet with a representative of the Bar's Law Office Management Advisory Service during the period of suspension. In addition, the referee recommends that following the suspension, Mitchell be placed on probation for a period of one year, during which time Mitchell's trust account will be subject to periodic, unannounced audits by the Bar. Mitchell seeks review of the referee's findings and recommendations.
Mitchell challenges various findings of fact and the recommendations as to guilt and discipline. Our review of the record reveals competent substantial evidence to support the referee's findings of fact; thus, we accept the findings as true. The Florida Bar v. Anderson, 594 So.2d 302 (Fla. 1992); The Florida Bar v. Seldin, 526 So.2d 41 (Fla. 1988). These findings of fact support the referee's recommendations as to guilt.
We also agree with the referee that in light of the fact that Mitchell has been disciplined for similar trust account violations in the past a ninety-day suspension followed by probation is warranted. Florida Standards for Imposing Lawyer Sanctions 8.2 (suspension is appropriate when lawyer is found guilty of misconduct that is same or similar to conduct for which the lawyer previously has been publicly reprimanded). Mitchell's reliance on the fact that none of his clients have complained about his representation is unavailing. The fact that no client has expressed dissatisfaction with an attorney is irrelevant to whether the attorney has violated trust accounting procedures and therefore cannot serve as a mitigating factor in this context. Likewise, Mitchell's status as "the only African-American private general legal practitioner within a fifty mile radius of the Fort Myers area" cannot serve as a mitigating factor. Anderson, 594 So.2d at 304 (attorney's minority status properly rejected as mitigating factor in disciplinary proceeding).
Accordingly, we approve the referee's findings of fact and recommendations as to guilt and discipline. Marzell Mitchell, Jr. is suspended from the practice of law for a period of ninety days. The suspension shall be followed by a one-year period of probation, during which time Mitchell's trust account shall be subject to periodic, unannounced audits by the Bar. During his suspension and at his own expense, Mitchell shall meet with a representative of The Florida Bar's Law Office Management Advisory Service to ensure his understanding of the records and procedures that are required by the Rules Regulating Trust Accounts. The suspension shall be effective thirty days from the filing of this opinion, thus giving Mitchell time to close out his practice and protect the interests of his clients. Mitchell shall accept no new business from the date of this opinion. If Mitchell notifies this Court in writing that he is no longer practicing law and therefore does not need the thirty days to close out his practice, this Court will enter an order making the suspension effective immediately. Judgment is entered against Mitchell for *417 costs in the amount of $1,074.69, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and ANSTEAD, JJ., concur.
WELLS, J., recused.
NOTES
[1] Art. V, § 15, Fla. Const.