PER CURIAM.
We have before us the complaint of The Florida Bar and a referee’s report regarding the unlicensed practice of law by respondent Charles A. Eidson. We have jurisdiction. Art. V, § 15, Fla. Const.
The Bar filed a one-count petition in 1995 alleging that Eidson, a person unlicensed to practice law in Florida, engaged in an act of practicing law. The petition alleged the following. Eidson told Norma Martin, who had contacted him in reference to handling a traffic violation, that it was illegal for police to use aircraft to apprehend speeders. Ms. Martin paid Eidson $100 to help her have the traffic violation dismissed. Eidson told Ms. Martin that although he does not use the title of attorney or lawyer, he did study to become a lawyer and does practice law but does not belong to The Florida Bar because of the fees. Eidson prepared and filed with a court clerk’s office a “Demand for Formal Hearing,” “Memorandum of Points and Authorities,” and “Demand for ‘Formal’ Administrative Hearing to Establish Record for Review.” Eidson signed Ms. Martin’s name on the documents and sent her copies along with a bill for $38 for overnight mail. On August 25, 1994, Ms. Martin received a notice of administrative hearing and a notice that her driver’s license had been suspended. Ms. Martin contacted Eidson, who sent a man named Tom to appear with her at the court clerk’s office. Shortly thereafter, Eid-son assured Ms. Martin he had taken care of her ticket. In December 1994, Ms. Martin received another notice that her license had been suspended. She paid $115 for her speeding ticket plus $56 to have her license reinstated. She received points against her license that she could have avoided by attending a driver improvement class if she had not been under the erroneous impression that Eidson had taken care of her ticket. She also incurred long distance charges of at least $50 for calls to Eidson.
This Court entered orders to show cause why the respondent should not be enjoined from the unlicensed practice of law and to appoint a referee. The referee’s report was filed on April 21, 1997. Having considered the pleadings and the evidence, the referee recommended that Eidson be restrained and enjoined from engaging in the acts complained of in the petition and from otherwise engaging in the practice of law in Florida until such time as Eidson is duly licensed to practice law in this state.
A referee’s findings of fact are presumed correct and will be upheld unless clearly erroneous and lacking in evidentiary support. Florida Bar v. Seldin, 526 So.2d 41, 43-44 (Fla.1988). The party seeking review in a proceeding concerning the unlicensed practice of law has the burden of showing that the referee’s findings are clearly erroneous or unsupported by the record. Florida Bar v. McClure, 575 So.2d 176, 177 (Fla.1991). Unless that burden is met, the referee’s findings and recommendations will be upheld on review. Florida Bar v. Hughes, 697 So.2d 501 (Fla.1997).
In this case, the referee found each allegation set forth in the Bar’s petition to be proven by clear and convincing evidence. *444 Eidson has not met his burden of showing those findings to be clearly erroneous or unsupported by the record. Therefore, we find that the referee’s findings of fact and determination of guilt are supported by competent, substantial evidence. Florida Bar v. MacMillan, 600 So.2d 457 (Fla.1992). Additionally, we approve the referee’s recommendation of an injunction to prevent Eidson from representing individuals in legal matters and preparing or filing legal documents on anyone else’s behalf until he is licensed to do so. We also approve the referee’s recommendation to require payment of costs of the proceedings.
Accordingly, respondent Charles A. Eidson is enjoined from engaging in the practice of law in Florida until he is duly licensed to practice law in this state. Costs in the amount of $2,406.14 are hereby taxed against Eidson, for which sum let execution issue.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.