PER CURIAM.
We have for review the complaint of The Florida Bar and the referee’s report regarding alleged ethical breaches by attorney Domenic Leonard Grosso. We have jurisdiction. See art. V, § 15, Fla. Const. The referee has recommended a fifteen-day suspension. The Florida Bar seeks review, requesting a ninety-one day suspension. For the reasons stated herein, we order a ninety-day suspension followed by a one-year probationary period.

FACTS

On October 13, 1998, the Bar filed a complaint against respondent, alleging misconduct as to respondent’s duties as guardian of property he agreed to keep in his possession during the time that his client,. Michael Cusick, was on criminal probation. Respondent had represented Cusick in a dissolution of marriage case during the course of which Cusick was charged with domestic abuse. Cusick entered a no-contest plea to this charge and was placed on probation for one year. As a condition of probation, Cusick was required to give up possession of his firearms collection during the period of his probation. The court and the assistant state attorney approved respondent’s taking possession of Cusick’s weapons and retaining custody of them until the end of Cusick’s probation. Respondent took possession of thirty-one firearms on October 8, 1996, to be held in trust for Cusick. A letter memorializing the agreement along with a list of the firearms, was sent to the judge in Cusick’s case. Respondent placed the firearms in his garage, where some of them rusted and pitted.
Cusick’s probation ended October 7, 1997, at which time he demanded that respondent return his firearms. Respondent, by letter dated October 7, 1997, stated that he required a letter from the probation department confirming that the probation was terminated. Cusick produced such a letter. On October 15, 1997, respondent returned to Cusick twenty-nine of the thirty-one firearms that were entrusted to respondent, as evidenced by an inventory and receipt. By letter dated October 16, 1997, respondent acknowledged that two of the firearms were missing and one was likely still kept in his garage. Cusick made repeated calls to respondent, who wrote to Cusick in a letter dated October 30, 1997: “I don’t want to be bothered with you any more, Michael .... So I will get them to you, Michael, okay? Don’t call me. I will call you.” On November 5, Cusick wrote to respondent again requesting the firearms. On- November 6, respondent replied: “When I find them, I find them.... I’ll give them to you when I can.”
One of the twenty-nine weapons returned to Cusick was a 9 mm carbine, which was missing a bolt handle. Despite repeated demands, respondent failed to repair the bolt handle for the 9 mm carbine and return the two missing firearms, which were a .45-caliber carbine and a .45-caliber pistol. Cusick represented that the missing carbine was an irreplaceable collector’s item.[1]
*942 Respondent testified under oath at his disciplinary hearing before the referee that he did have the .45 carbine at home in a cardboard box. At the conclusion of the hearing, the referee announced that he would recommend a finding of not guilty, conditioned upon the return to Cusick of the missing firearm within fifteen days from the date of the final hearing. Respondent made no effort to contact Cusick within the fifteen-day period, which ended March 12, 1999. On March 18, respondent was tardy in arriving at a hearing, at which he then asserted that he had found a similar weapon but that it was not in a box, as Cusick said his rifle was.
In a letter dated April 7, 1999, and copied to the referee, respondent told Cu-sick that he had searched for the .45 carbine and could not find it. On August 7, 1998, respondent sent a letter to Cusick and enclosed a check for $280.54 made out to Cusick for what respondent considered to be restitution for the lost .45 carbine handgun. The referee considered his copy of said letter to be an ex parte communication and noted that it directly contradicted respondent’s testimony in the original hearing, in which he stated that he had located the missing carbine, a position respondent still maintained at the March 18 hearing.

REFEREE’S REPORT

As to guilt, the referee found that respondent had failed to properly safeguard his client’s property and had failed to promptly return all items held in trust for his client. The referee recommended that respondent be found guilty of violating the following Rules Regulating The Florida Bar: rule 4-1.15(a) (a lawyer shall hold in trust funds and property of client; property shall be appropriately safeguarded); and rule 4 — 1.15(b) (a lawyer shall promptly deliver to client any funds or property client is entitled to receive).
As to discipline, the referee recommended that respondent be subject to discipline in the form of a suspension for fifteen days. In making this recommendation, the referee found as an aggravating factor that respondent had a prior record of the following disciplinary actions: (1) admonishment, May 6, 1994, for violation of rules 4-1.2(a) (comply with client directions); 4-1.3 (diligent representation); 4-1.5(a) (excessive fee); (2) admonishment, June 21, 1994, for violation of rule 4-1.3 (diligent representation); (3) ten-day suspension for a failure to respond to a Florida Bar investigative inquiry, Florida Bar v. Grosso, 647 So.2d 840 (Fla.1994); and (4) public reprimand for violations of rules 4-1.1 (competent representation); 4-1.3 (diligent representation); 4-1.4(a) (informing a client), Florida Bar v. Grosso, No. 83,989, 659 So.2d 1090 (Fla. June 22, 1995). The referee also found as an aggravating factor that respondent testified falsely under oath that he had found Cusick’s .45 mm carbine, when in fact he had not, and found this to be “as egregious, if not more so, than the violations ... for which respondent has been found guilty.” The referee noted that respondent had a “cavalier or lackadaisical” attitude during the disciplinary proceedings. As a mitigating factor, the referee found that respondent attempted to make restitution.
The referee found suspension to be the appropriate sanction under this Court’s holdings in Florida Bar v. Weiss, 586 So.2d 1051 (Fla.1991) (six-month suspension for negligent misuse of client funds), and Florida Bar v. McClure, 575 So.2d 176 (Fla.1991) (three-year suspension for negligent misuse of client funds). The referee noted that the Florida Standards for Imposing Lawyer Sanctions and the Rules Regulating The Florida Bar make no distinction between client funds and client property in providing discipline for misconduct relating to client “property” or *943 “funds and property.” The referee noted that in Florida Bar v. MacMillan, 600 So.2d 457 (Fla.1992), the respondent was suspended for two years for violations including respondent’s inability to return items of jewelry entrusted to him. The Florida Bar seeks review of the referee’s report.

ANALYSIS

As to guilt, respondent in this Court states the “position” that he was not actually representing Cusick at the time he agreed to take possession of the firearms. However, neither respondent nor the Bar contests the referee’s determination of guilt. Therefore, we approve the referee’s findings of fact and recommendation as to respondent’s guilt because they are supported by competent, substantial evidence.
As to the disciplinary recommendation, we disagree with the referee’s recommendation of a fifteen-day suspension and reject the Bar’s assertion that a ninety-one day suspension, with required proof of rehabilitation, is appropriate here. See, e.g., Florida Bar v. Pipkins, 708 So.2d 953, 955 (Fla.1998). The Bar argues that a fifteen-day suspension is inconsistent with the referee’s own findings and cases cited in the referee’s report. The Bar notes that this Court imposed a six-month suspension in Weiss for an attorney’s negligent handling of client funds, a three-year suspension in McClure for negligent misuse of client funds, and a two-year suspension in MacMillan for, inter alia, negligent handling of client property.
We find the cases cited by the Bar to be distinguishable in that Weiss concerns commingling of client funds and McClure concerns negligent withholding of funds from an estate. In MacMillan, the respondent was found guilty of three of five counts of misconduct relating to respondent’s duties as guardian of property that a minor received from an estate. See 600 So.2d at 458. In one of these counts, the referee found that respondent violated rules 5-1.1 (trust accounts) and 4-1.15(a) (safeguarding of property held in trust) for failing to deliver jewelry entrusted to him as guardian. Id. at 458-59. However, respondent also was found guilty of intentional misappropriation of funds and intentional failure to disclose fund transfers in the guardian’s report. Id. at 459. Thus, the cumulative misconduct was more serious in MacMillan and warranted the two-year suspension we imposed.
Here, there is no allegation of intentional misappropriation of property by respondent. The record reflects that respondent was negligent to the point of incompetence in failing to return his chent’s property after repeated requests. We find that more egregious misconduct occurred in violating trust and safekeeping agreements in Weiss, McClure, and MacMillan than in the one instance found by the referee in this case. Moreover, we consider the fact that Grosso did make restitution.
Florida Standard for Imposing Lawyer Sanctions 4.12 states that suspension is appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client. However, we find that the referee’s disciplinary recommendation that Grosso be given a fifteen-day suspension is inappropriate in view of respondent’s rule violations, substantial past record of disciplinary actions, equivocal statements as to whether he had the .45 mm carbine in his possession, and our case law.
In reviewing a referee’s recommendation of discipline, this Court’s review is broader than that afforded to findings of fact because it is this Court’s ultimate responsibility to order an appropriate punishment. Florida Bar v. Anderson, 538 So.2d 852, 854 (Fla.1989). We order a ninety-day suspension to be followed by a one-year period of probation. See, e.g., Florida Bar v. Schultz, 712 So.2d 386, 388, 389 (Fla.1998); Florida Bar v. Mitchell, 645 So.2d 414, 415 (Fla.1994).
*944 We strongly caution respondent that he must avoid the practices in which he has engaged that have resulted in Bar discipline. Our protection of the public interest requires increasing recommended discipline if there are further violations of the disciplinary rules. We also caution members of the Bar that our Rules Regulating The Florida Bar dictate that the same consequences will result from incompetent or dishonest trust guardianship of all kinds of property as from similar conduct in cases concerning money.

CONCLUSION

Accordingly, respondent is suspended from the practice of law for ninety days, to be followed by a one-year probationary period. The suspension shall be effective thirty days from the filing of this opinion so that respondent can close out his practice and protect the interests of existing clients. If respondent notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Respondent shall accept no new business from the date this opinion is filed until the suspension is completed. Judgment is entered for The Florida Bar, 650 Apalachee Parkway, Tallahassee, Florida 32399, for recovery of costs from Do-menic Leonard Grosso in the amount of $998.95, for which sum let execution issue.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.

. The referee’s report makes no further reference to the second allegedly missing firearm, *942 a .45 caliber pistol. The record reflects that during the February 25 hearing, respondent examined Cusick, and Cusick answered affirmatively when respondent asked him if he been reimbursed for the missing .45-caliber pistol. Transcript of Proceedings at 29-30.